THOMAS O'MALLEY, RESPONDENT, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, APPELLANT.

*Rule of a railroad company requiring inspection of brakes by the brakemen — opportunity for inspection necessary — contributory negligence.*

Where a rule of a railroad company, requiring freight brakemen to examine and know for themselves that brake shafts and attachments which they are required to use are in safe and proper condition, is accessible to a brakeman whose duty it is to examine it, such brakeman is to be charged, in an action brought by him against the company for a personal injury, with knowledge of the rule, although it may not appear that he had seen it.

Such a rule of a railroad company, requiring an inspection by employees of appliances to be used by them, must, however, receive a reasonable construction and application; if ample time and opportunity are afforded for the examination and inspection required by the rule such examination must be made, and the consequence of a failure to do so must rest upon the delinquent employee, but where no time or opportunity is afforded no negligence because of such failure to examine is to be imputed to the employee.

Hence, where a freight car, at a way station, was attached to a train only a few moments before the train was to leave the station, although, in fact, a delay of ten or fifteen minutes in starting was caused by the necessity of waiting for another train, it being uncertain, however, how long the delay would continue, and by reason of the liability that the train would start at any moment it would have been dangerous to go under or around the car to inspect it:

*Held,* that no opportunity was given the train brakeman to give such attached car the scrutiny required to detect defects in the foot-board and guard of the brake-staff, which were not so open and visible as to be detected by a glance of the eye; that, consequently, the brakeman was not to be held responsible for a failure to inspect the brake attachments, under a rule of the company calling for such inspection, and, therefore, was not, in that respect, guilty of contributory negligence, as matter of law, so as to prevent the submission to the jury of the question as to his right to recover, in an action brought by him

against the company to recover the damages resulting from an injury received in operating such defective brake attachments.

Questions of contributory negligence, in failing to make inspections, are to be determined in the same manner as other questions of the same character arising in any other way.

APPEAL by the defendant, the New York, Lake Erie and Western Railroad Company, from a judgment of the Supreme Court, entered in the office of the clerk of Orange county on the 25th day of June, 1892, on a verdict in favor of the plaintiff for $6,000, rendered at the Orange Circuit; and from an order denying a motion made by the defendant for a new trial on the minutes of the court in an action for the recovery of damages resulting from a personal injury to the plaintiff on the defendant's road.

*Lewis E. Carr*, for the appellant.

*John M. Gardner*, for the respondent.

BARNARD, P. J.:

The neglect of the defendant was clearly proven. The plaintiff was a brakeman in the employ of the defendant. The defendant was bound to apply safe appliances for the purposes of the employment.

While applying a brake the guard snapped and threw the plaintiff under the car. The plaintiff was proven to be free from any neglect on his part. He was using the appliances in the usual way. The proof shows that it was in a weak condition by the absence of a bolt, and the two remaining bolts so loose as to be unsafe. There was no opportunity to examine the brake before the accident on the occasion in question, and a rule to that effect must have a reasonable construction. Besides, there was proof on the trial tending to show that the rule had not been in force as to brakemen who were called upon to apply brakes. It is manifest that it could not be observed by the employee without danger. The brakes must be applied at once when the order is given.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

DYKMAN, J.:

This is an appeal by the defendant from a judgment and order denying a motion for a new trial on the minutes of the court.

The plaintiff was a brakeman in the employ of the defendant, and on the morning of the accident went with a local freight train, upon which he was at work, from Newburgh to Turner's. He remained there with his train about one hour. While there a freight car was attached to the train to be taken back to Central Valley. It was coupled to the engine, and after that the train stood still, with the plaintiff standing by it for ten or fifteen minutes waiting for another train.

When it started towards Central Valley it consisted of the engine, this car and a caboose, and when it reached there it stopped, the caboose was uncoupled, and the plaintiff went forward and climbed up on the end of this freight car nearest to the engine and gave the engineer the signal for moving back upon the switch. He then went to the rear end of the car where the brake was, to apply it, for the purpose of checking the movement as it was being backed in upon the switch. When he commenced to apply the brake he placed his right knee on the car and his left foot on the foot-board, and when he applied his strength to the brake the guard snapped and threw him off his balance, and the foot-board broke and he fell to the ground and the wheels of the cars passed over his arm and foot, inflicting the injury for which this action was brought.

The brake staff came up the end of the car through the foot-board, which was located a short distance below the top of the car, and fastened to the roof by a strip of iron; on the foot-board was a ratchet which fitted into the notches of a wheel on the staff, and the foot-board was supported by braces underneath.

There was a crack in the foot-board, and the supporting braces were loose, and the screws had so worn into the wood that they no longer held it firmly, the strap around the staff had an old crack partly through the iron. The principal effort on the part of the defendant upon the trial was to convict the plaintiff of contributory negligence in this way.

There was a rule of the company which required freight brakemen to examine and know for themselves that brake shafts and attachments, and other attachments which they were required to use, were in safe and proper condition, and the insistence was that the plaintiff failed to fulfill the requirements of that rule, and so contributed to his disaster.

It did not fully appear that the plaintiff had seen the rule, but as it was accessible to him, and it was his duty to examine it, he must be charged with knowledge of its existence.

Yet the rule must receive a reasonable construction and application. If ample time and opportunity is afforded for the examination and inspection required by the rule it must be made, and the consequences of failure to do so must rest upon the delinquent. But where no time or opportunity is afforded, no negligence for failure can reasonably be imputed.

It may often happen that a car standing upon a side track at a way station is attached to a passing train to be drawn to the next or another station, and that such attachment is made in haste with no time for examination, and in such a case it would be unreasonable to hold any trainman responsible for failure to inspect.

We think this is such a case. The car was attached but a few moments before the train was to move on for Newburgh. The delay in starting was caused by the necessity of waiting for another train, and it was uncertain how long it would continue. The train might start at any moment, and for that reason it would have been dangerous to go under or around the car to inspect it. The defects were not so open and visible as to be detected by a glance of the eye. Their discovery would have required scrutiny, and for that there was no opportunity.

The question was before the Court of Appeals in the case of *La Croy* v. *Railroad Company* (132 N. Y., 570), but that was an extreme case and full opportunity was given to all the trainmen for examination of the train after it was made up and in full operation.

In fact, it was on a side track idle for nearly two hours, and although it was known that the train was soon to make a dangerous descent no effort was made to ascertain whether the brakes which would be subjected to a severe strain were in condition for its endurance.

Questions of contributory negligence in failing to make inspections are to be determined in the same manner as other questions of the same character arising in any other way.

If the facts and circumstances leave the question so plain that a verdict would not be permitted to stand in favor of the plaintiff the complaint is to be dismissed by the trial court.

We do not think this case was sufficiently plain to justify the trial judge in convicting the plaintiff of contributory negligence as a matter of law, and that he was required to submit the question to the jury under proper instructions as he did. The charge was faultless and no error was committed upon the trial.

The judgment and order should be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.