tween persons lawfully within their jurisdiction; for every resident of the state is entitled to the equal protection of equal laws, and is entitled to go to and fro, and buy, sell, and labor, in any and every part of the state, upon the same terms and conditions—no more, no less—that are imposed upon residents of that particular portion of the state where he chooses to exercise his rights; and any imposition of an additional burden upon him, as a condition of exercising his rights, is depriving him of the equal protection of equal laws, and is contrary to the law of the land.

(19 App. Div. 577.)

## McDONALD v. FITCHBURG R. CO.

(Supreme Court, Appellate Division, Third Department. July 6, 1897.)

INJURY TO EMPLOYE—RULES OF MASTER.

    In an action against a railroad company for injuries suffered by an employé, evidence that a rule requiring the observance of precautions which were neglected by the employé was posted in a place where he could see it, and that a copy of such rule was delivered to him, is material upon the question of plaintiff's contributory negligence, and its exclusion is error.

Appeal from trial term.

Action by Joseph McDonald against the Fitchburg Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

T. F. Hamilton, for appellant.

Lansing & Holmes (James Lansing, of counsel), for respondent.

PUTNAM, J. Plaintiff brought this action to recover damages sustained by him in attempting to couple two cars while employed by the defendant as a car coupler and brakeman. The injury occurred on February 19, 1893. He had then been in the employ of the defendant about five weeks. The two cars the plaintiff was attempting to couple belonged, one to the Delaware & Hudson Canal Company, and the other to the Delaware, Lackawanna & Western Railroad Company. Plaintiff alleged that the injury was occasioned by reason of one of the couplers or drawheads being lower than the other, and by reason of defendant's neglect to furnish suitable and proper links and appliances for coupling or connecting said cars. Although it did not appear how long these cars had been in the possession of the defendant prior to the accident, it owed a duty to its employés, before using, to inspect them, and was responsible for the consequences of such defects as could be discovered by ordinary inspection. Goodrich v. Railroad Co., 116 N. Y. 398, 22 N. E. 397; Gottlieb v. Railroad Co., 100 N. Y. 462, 3 N. E. 344. The plaintiff on the trial produced evidence tending to show the defendant's neglect to furnish suitable and proper appliances for coupling said cars, and that in consequence thereof his hand was caught between the bumpers of said cars, and he received serious injuries, to recover damages for which the action was brought. The defendant then called as a witness Michael P. Snyder, defendant's superintendent, who testified that a book shown him was a book of rules and regu-

lations of the defendant in operation during the year 1893; that said book is delivered to all employés of the railroad at or upon entering the service of the corporation, and was in the year 1893. The defendant then offered to read certain of the rules and regulations therein. The evidence thus offered, on the objection of the plaintiff, was excluded by the trial court. During the examination of said witness the following questions were asked by the defendant's counsel, testimony taken, and rulings made:

"Q. In 1893 was there a rule or regulation upon this road, printed, requiring all brakemen to use coupling sticks when coupling freight cars? (Objected to. Sustained. Defendant excepted.) Q. (presenting same). Do I now show you a coupling stick? A. Yes, sir. It is about two feet long, about an inch and a half wide, one-half inch thick, made of hard wood. There is a screw at the end. In 1893, the year that plaintiff worked there, it was used for the purpose of coupling freight cars. The method of use was to hold the link up, and, instead of putting a man's hand in there, they use this. So, when this coupling stick was used, it was not necessary for the man to get his hands between the deadwoods. In 1893, at the time the plaintiff worked there, we had on hand a large supply of those sticks. They were kept in the yard master's office, and in my office, and in the supply room. I delivered them to the employés on demand. Q. Was there a printed rule or regulation, tacked up and posted on the bulletin board in the yard where this plaintiff worked in 1893, requiring the use of those coupling sticks by all employés? (Objected to as immaterial. Sustained. Defendant excepted.)"

The evidence thus excluded was material on the question of plaintiff's contributory negligence, and, I think, should have been received. The witness had stated that a large supply of coupling sticks had been provided for the use of the employés of the road, with which cars could be coupled with safety. He had also stated before that a copy of the rules and regulations of the company was given to each employé of the corporation on entering its service. Had he also been allowed to prove that a copy of the rule requiring the use of the coupling sticks by all employés was posted and tacked up in the yard where the plaintiff worked in 1893, the jury would have been authorized to find that the plaintiff had notice of the regulation in question. In O'Malley v. Railroad Co., 67 Hun, 130–133, 22 N. Y. Supp. 48, 49, Judge Dykman remarks:

"It did not fully appear that the plaintiff had seen the rule, but as it was accessible to him, and it was his duty to examine it, he must be charged with knowledge of its existence."

We do not hold in this case that the plaintiff should be charged with knowledge of the existence of the rule in question, but merely that the testimony excluded, by which the defendant sought to show that a printed regulation was tacked up or posted on the bulletin board in the yard where plaintiff worked, was competent, in connection with the other testimony in the case, to go to the jury on the question of fact as to whether or not the plaintiff had knowledge of the rule in question. It is true that the plaintiff, as a witness, denied any knowledge of the rule. But, being a party interested in the result, his credibility as a witness was for the jury. As the evidence thus excluded was competent on the question of plaintiff's contributory negligence, and its exclusion may have affected the result, it follows that the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.