LIPSITZ, Respondent, v. PURCELL, Appellant. (Supreme Court, Appellate Division, Fourth Department. June 18, 1898.) Action by Lena Lipsitz against John E. Purcell. No opinion. Motion denied, with costs, and judgment ordered on the verdict for the plaintiff, with costs.

LOCKWOOD, Appellant, v. LOCKWOOD et al., Respondents. (Supreme Court, Appellate Division, Third Department. July 6, 1898.) Action by Mary·F. Lockwood against Jeremiah S. Lockwood and others. No opinion. Judgment affirmed, with costs.

LOMBARD, Appellant, v. FAULKNER, Respondent. (Supreme Court, Appellate Division, Fourth Department. July 26, 1898.) Action by Eleanora Lombard against John H. Faulkner. No opinion. Judgment affirmed, with costs.

LOWREY, Respondent, v. SATTERLEE et al., Appellants. (Supreme Court, Appellate Division, Second Department. July 7, 1898.) Action by Zephyrinus A. Lowrey against Douglass R. Satterlee and another, as attorneys, etc. No opinion. Judgment affirmed, with costs.

McDONALD, Respondent, v. FITCHBURG R. CO., Appellant. (Supreme Court, Appellate Division, Third Department. July 6, 1898.) Action by Joseph McDonald against the Fitchburg Railroad Company. No opinion. Judgment and order affirmed, with costs. See 46 N. Y. Supp. 600.

McGOWN, Plaintiff, v. McGOWN, Defendant. (Supreme Court, Appellate Division, First Department. May 6, 1898.) Action by Henry P. McGown, Jr., against Mary E. McGown (appearing and answering herein as Mary E. Bell). From order modifying decree of divorce, by providing that the defendant should have leave to see the infant child of the parties on the 4th Mondays of February, May, August, and November, for one hour, at the residence of the child's grandfather, the child to remain during such visits under the personal control of the plaintiff or of any female friend or relative delegated by him, both parties appeal. Affirmed. Charles Blandy, for plaintiff. H. W. Scott, for defendant.

PER CURIAM. Order affirmed, without costs.

VAN BRUNT, P. J. (dissenting). It does not seem to me that the decree of divorce should have been modified. The solicitude of the defendant in respect to her child seems to come rather late. She deliberately abandoned it for the purpose of going into a foreign state to obtain a fictitious divorce, and then commencing an adulterous intercourse with another man, which she is still continuing. Because of this intercourse, she has been found guilty of adultery, and an absolute decree of divorce has been pronounced between her husband and herself, and the custody of her child given to her husband. It is a familiar rule in the law of our state that, where a divorce is granted on the ground of the adultery of the wife, she ceases to have any right to the control, education, or companionship of her minor children, whether the final decree awards the custody of the children to the father or is silent on that subject. There have been instances, where the child is of such tender age that it is absolutely necessary that it should be placed in the mother's custody, in which this rule has been relaxed. But where it appears that the wife is divorced because of her adultery, and she has continued such adulterous intercourse, there has been no case (unless the feature above mentioned was present) in which she has been allowed the companionship of or intercourse with her children. It may be urged that the conduct of the defendant does not involve the moral turpitude embraced in the above statement, but it is difficult to see upon what foundation such an argument can rest. The law pronounces it just what is above stated, and with that we have to deal, and nothing else. It seems to me that it is an anomaly that a woman who has abandoned her husband and her children for the purpose of entering upon a career such as the one in question, in defiance of the law which our courts are supposed to administer, should receive any consideration. The learned judge below seeks to justify his action on the ground that the husband has avowed his intention to bring up his child in ignorance of the existence of its criminal mother. I utterly fail to see any reason for disapproval of such a course. Upon the contrary, the best interests of the child may depend upon just such a course. The defendant, having abandoned her child, is certainly not entitled to any consideration at the hands of the court, and the best interests of the infant require that all intercourse between them should cease. The order should be reversed. See 49 N. Y. Supp. 996.

McKIN, Respondent, v. NEW YORK EL. RY. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. June 24, 1898.) Action by Harriet R. McKin against the New York Elevated Railway Company and others. A. O. Townsend, for appellants. J. A. Murray, for respondent. No opinion. Judgment modified by reducing fee damage to $6,000, and as modified affirmed, without costs.

McLEAN, Respondent, v. WIDMAYER et al., Appellants. (Supreme Court, Appellate Division, First Department. June 17, 1898.) Action by Helen S. McLean against William F. Widmayer and others. T. M. Tyng, for appellants. G. F. Thomson, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.