## MYERS v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. October 20, 1899.)

1. RAILROADS—INJURY TO BRAKEMAN—SAFE APPLIANCES—RULES.
   A rule of a railroad company, known to its brakeman, requiring him to examine and know for himself that the appliances used by him are safe, does not preclude him from recovering for an injury caused by a defective appliance, of which he was ignorant, where he had no opportunity to examine the appliance before he used it.

2. SAME—EVIDENCE—QUESTION FOR JURY.
   A brakeman set a brake on a car, and four hours later, during which he had no specific duties to perform, he was injured, while again attempting to set the same brake, by the breaking of a four-foot staff, which was defective by reason of a crack in it about four inches from the car platform. A rule of the railroad company required its brakemen to know for themselves that the appliances used by them were safe. *Held* a question for the jury whether he was guilty of contributory negligence.

3. SAME—DISCOVERY AND REPAIR OF DEFECT IN BRAKE STAFF.
   A railroad car inspector pronounced a brake staff of a car defective, and the car was taken into a shop for repairs, and 22 days afterwards a brakeman on the car was injured by the breaking of the staff at a crack which was rusty. *Held*, that a verdict for plaintiff, on the ground of the company's neglect to discover and repair the defect, would not be disturbed.

4. SAME—PLEADING.
   In an action by an employé for personal injuries, evidence that his heart was permanently disordered is admissible, under an allegation that his head, side, and ribs were permanently injured, so as to preclude him from performing the duties which he had previously performed.

Appeal from trial term, Orange county.

Action by Grant Myers against the Erie Railroad Company. From a judgment for plaintiff and an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry Bacon, for appellant.
William F. O'Neill (Thomas Watts, on the brief), for respondent.

HATCH, J. The action is to recover damages for injuries alleged to have been sustained by reason of the negligence of the defendant. There is no dispute in the testimony as to how the accident occurred. Briefly stated, it appears that the plaintiff, on the 1st day of August, 1897, was employed upon a train of the defendant, which was being loaded with slag, at a point on the road called "Crusher Switch," and hauling the material, when loaded, to its destination. Upon the switch at the time when the train was run in were three or four cars, and one, a gondola car, constituted the extreme rear end of the train. The plaintiff, in the performance of his duties as a brakeman, set the

brake upon this car, and at that time the appliance worked all right. The train remained upon the switch about four hours, while the cars were being loaded, during which time the plaintiff had no specific duty to perform.     The brake staff upon the gondola car was defective, such defect consisting of a crack extending about half way through the staff, and three or four inches above the dog which rested upon the platform of the car.     How wide this break was, or whether it was visible from a casual inspection, does not appear.     After the train had been loaded, and in the course of its operation, the plaintiff again had occasion to set the brake, and in twisting it the staff gave way at the defective place, and the plaintiff was precipitated to the ground underneath the car.     The train was running at a slow rate of speed, the fall was observed, and the progress of the train was stopped as quickly as possible.     The plaintiff lay between the rails, and the wheels of the cars did not pass over any part of his body, although he received injuries more or less severe, which were the subject of investigation upon the trial.

The defendant charged that the plaintiff was guilty of contributory negligence in failing to make an inspection of the brake staff and discovering its defective condition.     In order to lay the foundation for the charge of contributory negligence, the defendant established that the plaintiff was familiar with the following rule, and had it in his possession:

"It is the duty of brakemen to make couplings; attend to the brakes; be provided with, and properly display, train signals; and assist the conductor in loading and unloading freight, in inspecting the cars, and in all things necessary for the prompt and safe movement of the train.     They must examine and know for themselves that the coupling apparatus, drawheads, drawbars, brakes, brakeshafts and attachments, ladders, running boards, steps, handholds, and other parts and mechanical appliances which they are to use, are in safe and proper condition; if not, report them to the conductor, and have them put in order before using."

Similar rules have been the subject of judicial examination several times, and the courts have announced that they are to be reasonably construed, in view of the circumstances of the case.     It is quite evident that the measure of obligation which is imposed upon an employé of this character by virtue of this rule is much less strict than is imposed upon employés of the defendant charged with the specific duty of inspecting cars for the express purpose of discovering their condition, and the reason for such distinction is obvious.     A brakeman has other duties and obligations resting upon him than that of inspection, and in many cases such duties almost wholly exclude any opportunity to examine the various appliances which he is required to use.     Under such circumstances, the rule, interpreted in the strict sense, would impose an obligation which the employé would have little or no opportunity to discharge.     It must therefore be subject to a reasonable interpretation, measured in degree by the opportunity to examine and the character of the existing defect. Such rule was applied in O'Malley v. Railroad Co., 67 Hun, 130, 22 N. Y. Supp. 48, affirmed in 142 N. Y. 665, 37 N. E. 570.     The facts of that case are somewhat different from those in the present case. There the plaintiff had opportunity to examine the car and the brake

for a period of 15 or 20 minutes, while the car stood upon the siding, and when he had nothing else to do. In addition to this, the character of the defect was more readily apparent than was the defect in the present case, as it would seem to have been observable from a casual inspection. In the present case there was sufficient time in which the plaintiff might have made the most detailed examination of this brake staff, had he devoted himself to that alone; but it is evident that as the brake staff was about four feet in height, and the defect but three or four inches above the dog, quite a careful observation would have been necessary in order to detect the break. In addition to this, the plaintiff had already once used the brake, and to all outward appearances it performed its office as was expected, and there was therefore nothing in the condition or surroundings which would prompt a careful scrutiny of this particular appliance. Having used it, and finding that it worked all right, would ordinarily prompt him to proceed with the inspection of the other parts of the train which he was to use, rather than this particular brake. In view of all the circumstances, therefore, we are of opinion that the question of whether the plaintiff was guilty of contributory negligence in failing to observe the defect was more properly within the province of the jury to answer than that of the court, and, in principle, the case is not different from the one we have heretofore cited, and that its rule should be applied.

The defendant's negligence has been made to depend upon the failure to furnish a safe appliance, and in this respect the case rests upon practically conceded facts. It was established by the testimony that this car was inspected by the defendant's inspector, found defective in its brake staff (whether this or another is not disclosed), and that it was sent to the shop for repairs on the 10th day of July prior to the injury. As the accident happened on the 1st of August, the car could not have been out of the shop, after such repair, more than 22 days. If the defect existed at the time the car was inspected and repaired, then the failure to observe it, and restore it to a proper state, constituted negligence for which the defendant was responsible. It is claimed, however, that there is no evidence showing when this brake staff became in the condition it was on the day of the accident. The proof on the part of the plaintiff in this respect is that the defective part of the staff was rusty, indicating an old break, which was described by the witnesses in connection with the exhibition of the brake itself. No other evidence discloses the period of time expressed by the word "old," but as its condition was described, and the brake staff itself was produced, we think it was within the province of the jury to interpret such testimony, and infer therefrom that the defect had existed for a longer period than 22 days. If we are correct in such construction, it necessarily follows that the jury were authorized to find that the defendant had not discharged its obligation to the plaintiff when it failed to discover and repair this defect at the time when the inspection and repairs were made upon this car. The main questions, therefore, of negligence and contributory negligence, were for the jury.

It is claimed, however, that error was committed in admitting evi-

dence of a permanent disorder of the plaintiff's heart. There is no doubt but that the testimony of the physicians was sufficient to connect the heart trouble with the injuries received, so that no difficulty is experienced in this regard. So far as the averments of the complaint are concerned, we think they were broad enough to admit this testimony as an element for consideration. The averment of the particular injury is to the head, side, and ribs of the plaintiff to such an extent as renders him unfit to perform the duties he had previously performed, which condition will be permanent. This we think a sufficient averment to permit of the proof, and, if the defendant needed further information, it should have made use of the remedies provided to accomplish that end. There are no other questions in the case which require consideration. The judgment should therefore be affirmed.

Judgment and order affirmed, with costs. All concur.