Edwin A. Eaton, Appellant, v. The New York Central and Hudson River Railroad Company, Respondent.

1. Railroad — When Negligence in Car Inspection is a Question of Fact. Where an experienced brakeman, while applying the brake upon a freight car of another company received by the defendant for transportation, is injured by the giving away of the brake chain attachment thereon, and upon examination after the accident it appeared that there were defects which rendered the parts liable to break, and there is evidence that a reasonable inspection would have disclosed such weakness, and the car had been inspected by defendant's inspectors when received, but the condition of the brake attachment was not noticed, it is a question of fact for the jury whether the defects were discoverable or not by reasonable inspection, since a railroad company is bound to inspect the cars of another company used upon its road just as it would inspect its own.

2. Rule as to Inspection — Car Inspectors and Brakemen are not Fellow-servants — Question of Fact. Where a railroad company has assumed to inspect cars at its terminus by servants especially designated for that purpose, a rule of the company that "At all stoppings of trains the brakemen or trainmen must inspect the wheels, brakes and trucks of the car and report any defects immediately to the conductor," does not impose the duty of inspection upon the brakemen equally with the car inspectors and constitute them fellow-servants within the rule exempting the master from liability for the negligence of a co-servant, and a failure to discover defects which might constitute negligence in a car inspector does not necessarily establish contributory negligence on the part of a brakeman, but the question is one for the jury.

Eaton v. N. Y. C. & H. R. R. R. Co., 14 App. Div. 20, reversed.

(Argued May 2, 1900; decided June 12, 1900.)

Appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered February 15, 1897, reversing a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial, and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William S. Jenney* for appellant. The court properly submitted to the jury whether defendant was guilty of negligence in failing to perform its duty to use reasonable care in the

inspection of the brake, the defect in which caused the injuries to the plaintiff. (*Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 521; *Fuller* v. *Jewett*, 80 N. Y. 46; *Painton* v. *N. C. Ry. Co.*, 83 N. Y. 7; *Kain* v. *Smith*, 89 N. Y. 375; *Ellis* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 546; *Gottlieb* v. *N. Y., L. E. & W. R. R. Co.*, 100 N. Y. 462; *Benzing* v. *Steinway & Sons*, 101 N. Y. 547; *Bushby* v. *N. Y., L. E. & W. R. R. Co.*, 107 N. Y. 374; *Fahy* v. *R., W. & O. R. R. Co.*, 36 N. Y. S. R. 67; 128 N. Y. 677; *Bailey* v. *R., W. & O. R. R. Co.*, 139 N. Y. 302.) The plaintiff was not guilty of contributory negligence. (*Pratt* v. *L. S. & M. S. Ry. Co.*, 63 Hun, 616; 136 N. Y. 654; *O'Malley* v. *N. Y., L. E. & W. R. R. Co.*, 67 Hun, 130; 142 N. Y. 665; *Fahy* v. *R., W. & O. R. R. Co.*, 36 N. Y. S. R. 67; 128 N. Y. 677; *Bailey* v. *R., W. & O. R. R. Co.*, 59 Hun, 620; 139 N. Y. 302; *Disher* v. *N. Y. C. & H. R. R. R. Co.*, 2 N. Y. S. R. 276; 114 N. Y. 619; *Myers* v. *E. R. R. Co.*, 44 App. Div. 11; *Joyce* v. *R., W. & O. R. R. Co.*, 80 Hun, 601.) The existence of the rule requiring brakemen to inspect the brakes at stoppings of trains does not excuse the defendant from the negligence of its car inspectors. (*Fuller* v. *Jewett*, 80 Hun, 51; *Kirkpatrick* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 240; *Cone* v. *D., L. & W. R. R. Co.*, 81 N. Y. 206; *Keegan* v. *W. R. R. Co.*, 8 N. Y. 179; *Lilly* v. *N. Y. C. & H. R. R. R. Co.*, 107 N. Y. 576; *Kain* v. *Smith*, 89 N. Y. 375; *Corcoran* v. *Holbrook*, 59 N. Y. 520; *Ellis* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 546; *Flike* v. *B. & A. R. R. Co.*, 53 N. Y. 554.)

*Edward Harris* for respondent. The plaintiff failed to show that as to him the defendant was negligent. (*Gottlieb* v. *N. Y., L. E. & W. R. R. Co.*, 100 N. Y. 462; *Goodrich* v. *N. Y. C. & H. R. R. R. Co.*, 116 N. Y. 398.) The order granting a new trial should be affirmed upon the ground that the plaintiff being charged with the duty of inspecting the brakes and having assumed to discharge that duty and having had opportunity to do so, he cannot charge upon the defendant

the consequences of his own failure. (*Cregan* v. *Marston*, 126 N. Y. 568; *Johnston* v. *B. T. B. Co.*, 135 Mass. 209.)

CULLEN, J. This action was brought, servant against master, to recover damages for personal injuries. The plaintiff was an experienced brakeman in the defendant's employ, and at the time of the accident was in service on a freight train. While applying the brake, the attachment of the brake chain to the foot of the brake staff gave way, and the plaintiff was precipitated from the top of the car upon the track, where his legs were run over by the rear car of the train. The car on which the plaintiff attempted to set the brake was that of another company, which had been received for transportation at Buffalo. On an examination after the accident it appeared that the eyebolt, by which the chain had been attached to the foot of the brake staff, was broken. Evidence was given to the effect that the shank or pin of the eyebolt had been worn to such an extent that it was only half its original thickness; that this rendered the bolt liable to break, not only on account of the loss of metal, but because of the play which was given the pin in the hole in the brake shaft in which it was set. There was also evidence given from which the jury might have found that a reasonable inspection of the pin and brake shaft at this point would have disclosed the weakness of the parts. The car was inspected at Buffalo by the defendant's inspectors, but the condition of the eyebolt was not noticed. The jury rendered a verdict for the plaintiff, upon which, a motion for a new trial having been denied, a judgment was subsequently entered. On appeal, the judgment and order were reversed by the Appellate Division, but, as stated in the order of that court, " upon questions of law only, the court having examined the facts and found no error therein."

The learned Appellate Division, in its discussion of the case, assumed that the question whether the defect in the eyebolt was discoverable or not by reasonable inspection was one of fact for the jury. This assumption, in our opinion, was warranted by the evidence, the details of which it would not be

profitable to recite. That it is the duty of the master to fur-
nish his servants with safe and suitable appliances, so far as
reasonable care will accomplish that result, may be now con-
sidered as an elementary rule of law, and this duty applies to
cars received from other companies as well as to its own. "A
railroad company is bound to inspect the cars of another com-
pany used upon its road, just as it would inspect its own cars.
It owes this duty as master, and is responsible for the conse-
quences of such defects as would be disclosed or discovered by
ordinary inspection. When cars come to it from another
road which have defects, visible or discernible by ordinary
examination, it must either remedy such defects or refuse to
take them." (*Goodrich* v. *N. Y. C. & H. R. R. R. Co.*, 116
N. Y. 398; see *Gottlieb* v. *N. Y., L. E. & W. R. R. Co.*,
100 N. Y. 462; *Baltimore & Potomac R. R. Co.* v. *Mackey*,
157 U. S. 72.) This doctrine was accepted by the learned
court below, but it held that the defendant was exempted
from liability because of the following rule prescribing the
duty of its employees, to which plaintiff was deemed to have
assented: "Rule 153. At all stoppings of trains the brake-
men or trainmen must inspect the wheels, brakes and trucks
of the car and report any defects immediately to the con-
ductor." The court reasoned that, under this rule, the duty
of an inspection was devolved upon the trainmen equally with
the car inspectors at Buffalo; that the inspectors were fellow-
servants of the trainmen in the duty of inspection; that the
negligence of the former in the discharge of their duty was
negligence of fellow-servants, and that if it was negligence on
the part of the inspectors not to have discovered the defective
character of the brake, similar omission on the part of the
plaintiff or the trainmen constituted contributory negligence
on the plaintiff's part.

There can be no question that, apart from the rule quoted,
inspectors are not fellow-servants of the trainmen so as to
relieve a railroad company from liability to the latter for
injuries occasioned by the negligence of the former. The
duty which the master, as such, owes to his employees, of exer-

cising reasonable care, that the appliances furnished them should be safe and suitable, cannot be delegated so as to relieve the master from responsibility, and so far as it is performed by others, the negligence of any servant, agent or employee in the work is deemed not the negligence of a fellow-servant but that of the master himself. (*Fuller* v. *Jewett*, 80 N. Y. 46 ; *Bailey* v. *R., W. & O. R. R. Co.*, 139 N. Y. 302.) In the last case it is said : " The master is never exonerated by the negligent omission of subordinates to perform duties which are imposed upon him in his character as master, resulting in injury to other employees." Inspection to discover whether an appliance is defective is as much a part of the work of furnishing safe appliances as reparation after the defect is discovered, and in the *Bailey* case the negligence alleged was failure to inspect.

We may concede that the question whether a faulty act or omission complained of is negligence in the discharge of the duty of the master, as such, or is in a detail of the work, may depend on the manner in which the work is carried on. We may also assume, for the argument, that it was within the power of the defendant to have so conducted its business as to have made its trainmen both brakemen and car inspectors ; but the question remains whether it did so in this case, and whether such is the effect and object of the rule promulgated. The question is not without interest to the defendant in other cases than that before us. If the same servant is to discharge the duties of separate positions he must have the necessary qualification for each, to be a competent fellow-servant. If a brakeman is to act as car inspector he must have the expert skill and knowledge which a jury might find was necessary to discharge the duties of the latter position, and the defendant might find itself very much circumscribed in its appointment of trainmen. We think it quite plain that the defendant never intended to blend, nor has blended, the two distinct positions of brakeman and inspector. It appears that, as a matter of fact, it has assumed to inspect cars at its terminus by servants especially designated for that purpose. The rule promulgated

by the company must have a reasonable construction. It imposed on the trainmen the obligation of examination of the appliances which their service compelled them to use, both for their own protection and the protection of the property of the master and the persons of their fellow-servants. The examination, however, was not necessarily to be that of an expert inspector, but such as the ordinary knowledge of brakemen and the time allowed for the purpose consistent with their other duties, would enable them to make. We concur in what is said by Justice HATCH in *Myers* v. *Erie R. R. Co.* (44 App. Div. 11) : " It is quite evident that the measure of obligation which is imposed upon an employee of this character by virtue of this rule is much less strict than is imposed upon employees of the defendant charged with the specific duty of inspecting cars for the express purpose of discovering their condition, and the reason for such distinction is obvious. A brakeman has other duties and obligations resting upon him than that of inspection, and in many cases such duties almost wholly exclude any opportunity to examine the various appliances which he is required to use. Under such circumstances the rule, interpreted in the strict sense, would impose an obligation which the employee would have little or no opportunity to discharge. It must, therefore, be subject to a reasonable interpretation, measured in degree by the opportunity to examine and the character of the existing defect." Under this view, by reason of the difference between the duty of inspection, resting on the trainmen, and that imposed on the car inspectors, the two classes are not fellow-servants within the rule which exempts the master from liability. The question of the effect of similar rules arose in *Pratt* v. *L. S. & M. S. Ry. Co.* (63 Hun, 616, affirmed without opinion in 136 N. Y. 654), and *O'Malley* v. *N. Y., L. E. & W. R. R. Co.* (67 Hun, 130, affirmed without opinion in 142 N. Y. 665), in both of which cases recoveries for defective appliances were upheld. These decisions seem conclusive on the question before us, though we have treated it as an original one.

From the views already expressed it is apparent that a failure to discover defects which would constitute negligence in a car inspector might not necessarily establish contributory negligence on the plaintiff's part.   The question was for the jury.   There is this further to be said : Under the rule the duty of inspecting the brakes on the train did not rest on the plaintiff alone, but on him and the other trainmen.   The evidence tends to show that in the necessary division of duties between the several trainmen the inspection of the brake that proved defective did not fall upon the plaintiff.   Assuming that there was negligence on the part of his fellow-brakemen, such negligence would not be imputable to the plaintiff or preclude a recovery by him.   (*Cone* v. *D., L. & W. R. R. Co.,* 81 N. Y. 206 ; *Coppins* v. *N. Y. C. & H. R. R. R. Co.,* 122 N. Y. 557.)

The judgment of the Appellate Division should be reversed and the judgment entered on the verdict of the jury at Trial Term should be affirmed, with costs.

BARTLETT, MARTIN, VANN and WERNER, JJ., concur ; PARKER, Ch. J., not voting ; GRAY, J., not sitting.

Judgment reversed, etc.