STEVENS et al., Appellants, v. ST. LOUIS MERCHANTS BRIDGE TERMINAL RAILWAY COMPANY.

**Division One, November 14, 1899.**

1. **Railroads:** GROUNDS CONDEMNED: RIGHT OF OTHER ROAD TO USE. Where lands have been properly condemned for the depot purposes of one railroad, the owners of the fee do not retain such an interest in the land as entitle them to additional compensation when such road enters into arrangements with another by which the latter may jointly use a part of the ground also for depot purposes, with switches, sidetracks, turnouts, etc. Such use does not constitute a new servitude.

2. ———: JOINT USE: STATUTE. The statute providing for the joint use by one railroad company of depot grounds already condemned for the use of another, can not be limited simply to union depots. Nor is such use restricted to the depot merely, but may include the "depot grounds for depot purposes, with necessary buildings," etc.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

Ellis & Ellis for appellants.

(1) When a railroad takes private property through the exercise of the right of eminent domain, it can not take any land except for the legitimate purposes of its franchise. Railroad v. Jennings, 13 S. W. Rep. 270; Lyon v. McDonald, 14 S. W. Rep. 261; In re New York, etc., Ry. Co., 77 N. Y. 248; Postal Telegraph Co. v. Eaton, 170 Ill. 513; Bond v.

Pennsylvania Co., 171 Ill. 508; Platt v. Railroad, 1 N. E. Rep. 420. (2) Injunction is the proper remedy against a railroad when there has been no purchase or condemnation of the land. Fidelity Trust Co. v. Railroad, 6 Pa. Dist. Rep. 737; Bass v. Railroad, 82 Fed. Rep. 857; Platt v. Railroad, 1 N. E. Rep. 420. (3) Section 2742 of the Revised Statutes of 1889 does not authorize the sale and transfer of land taken under the exercise of the right of eminent domain by the railroad company condemning. Lewis on Em. Dom., Sec. 341; Mitchell v. Railroad, 68 Ill. 289; Cooley on Const. Lim. (6 Ed.), page 651.

JOHN H. OVERALL for respondent.

(1) As by the agreement between the St. Louis and San Francisco Railway Company and defendant, part of the tracks on the property in question were constructed by the Frisco Company and part by defendant, but all for the joint use of the Frisco in connection with its freight depot, the burden of servitude upon said ground was not over and above the use condemned on behalf of the Frisco Company and for which plaintiffs have been compensated. Julia Bldg. Ass'n v. Bell Telephone Co., 88 Mo. 258. (2) The property in question having been condemned by the Frisco Company for depot purpose the defendant had the right by agreement with the Frisco Company to use the same for depot purposes, with the necessary buildings, turnouts, sidings, switches and other conveniences in furtherance of said purpose. Section 2742, R. S. 1889.

ROBINSON, J.—This suit was commenced in the circuit court of the city of St. Louis to enjoin the Terminal Railway Co. from using the property in question for depot purposes and the construction of the necessary turnouts, sidings, switches and tracks for the purpose.

The plaintiffs' petition alleges, in substance, that the property in question was formerly owned by the Dillon estate; that the plaintiffs are the trustees under the will of Patrick N. Dillon, deceased, and as such vested with the title and right of possession of said property; that while so owned, the St. Louis and San Francisco Ry. Co., a corporation organized under the laws of this State, by proceedings in the circuit court of St. Louis, duly condemned, in the usual way, said property for depot purposes, and thereupon took possession of the property so condemned, located its depot grounds, erected its depot, costructed its tracks, switches, and turnouts upon a portion of the land so condemned; that none of these terminal facilities are located upon the strip of ground in question; and that the latter has never used the property so condemned for any purpose whatever, but allowed the same to remain vacant and unoccupied until a short time before the commencement of this suit, when, it is alleged an arrangement was made between the Terminal Ry. Co. and the St. Louis & San Francisco Ry. Co., whereby, without the consent of the plaintiffs, the latter transferred all its right, title and interest in and to the property in question to the defendant; that in pursuance of such arrangement the Terminal Ry. Co., before the commencement of this suit was proceeding to lay its tracks and switch yards over said premises for its use and benefit in connection with its terminal system, which said use, it is alleged, was not involved in the original condemnation of the said property by the St. Louis & San Francisco Ry. Co.; that the value of the property so wrongfully appropriated by the defendant company is $100,000, and praying that defendant be enjoined from laying its tracks and using said premises for such purposes.

Defendant, for its answer, denied that plaintiffs, as trustees or otherwise, were invested with the title or right of possession of said property; admitted that it is a railroad corporation organized under the laws of this State; but denied that

it contemplated constructing its tracks over said property, except in virtue of a contract with the St. Louis & San Francisco Ry. Co., hereinafter set forth. The answer admitted that in pursuance of the contract with the latter company, and with the permission and at the request of said company, it had done some grading and partially laid one track on a portion of the said property; and denied that plaintiffs ever objected to the construction, by defendant, of tracks on said property, or that they have a right, either in law or in equity, so to do.

The answer further averred that in April, 1886, the St. Louis & San Francisco Ry. Co., by appropriate proceedings in the circuit court of the city of St. Louis, against the plaintiffs and others, condemned the land described in the plaintiffs' petition for depot purposes; and that it was in said suit decreed by said court that all the right, title, interest and estate of the plaintiffs therein be condemned and appropriated to the use of the St. Louis & San Francisco Ry. Co. for depot purposes; and by said decree all the right, title, interest and estate of plaintiffs in and to the real estate in question was thereby divested and duly vested in the latter company for depot purposes; and the plaintiffs were awarded judgment for the sum of $105,000, which was duly paid by the St. Louis & San Francisco Ry. Co., and thereupon the latter took possession of said premises. It is further averred that the grading and laying down of track charged in the petition was done at the request of, and as and for the St. Louis & San Francisco Ry. Co., under an agreement between the latter company and the defendant, whereby it was agreed that the defendant should cause said track to be laid, and when so laid it should be the property of the St. Louis & San Francisco Ry. Co., but that defendant should have the use thereof jointly with the St. Louis & San Francisco. It was also averred by the answer that at the request, and as and for the St. Louis & San Francisco Ry. Co., under an agreement between the said last named company and the defendant,

wherein it was stipulated that the St. Louis & San Francisco Ry. Co. should cause said tracks to be laid, and when so laid they should be the property of the latter company, but that the defendant should have the use thereof jointly with the St. Louis & San Francisco; that the defendant is making preparations to construct, and is constructing, railroad tracks over said ground to be used by the St. Louis & San Francisco Ry. Co., with a right also of a joint use in defendant. The answer further avers that defendant is using and intends to use the land in question for depot purposes, by and with the consent of the St. Louis & San Francisco Ry. Co., with the necessary turnouts, sidings, switches and other conveniences in connection therewith.

Plaintiffs' reply was a general denial.

The trial in the circuit court resulted in a judgment dismissing plaintiffs' bill, and plaintiff appealed.

The evidence shows that in April, 1886, the St. Louis & San Francisco Ry. Co. condemned the real estate in question, together with certain other lands belonging to plaintiffs, for depot purposes. By the terms of the decree in the condemnation proceedings all rights, title, interest and estate of the plaintiffs was divested from them and vested in said railway company, for depot purposes. Judgment was given in favor of plaintiffs for $105,000, which was paid by said company and thereupon it appropriated and took possession of all the land so condemned, erecting upon part of the premises in question its depot, buildings, turnouts, switches, and other conveniences in furtherance of its purposes. That before the commencement of this suit, the defendant company instituted suit against the St. Louis & San Francisco Ry. Co., to condemn the property in question, together with other property, and against the plaintiffs to condemn certain other property, for its depot purposes with the necessary buildings, turnouts, sidings, switches, and other conveniences in connection therewith; that during the pendency of the condemnation pro-

ceedings a compromise was effected between the St. Louis & San Francisco Ry. Co., and the defendant, whereby the former, without abandoning its own right of use for depot purposes, agreeing that the property in question might be jointly used by both companies for depot purposes. By the terms of this agreement it was provided that the St. Louis & San Francisco Ry. Co. should cause tracks to be laid on said property, and when so laid they should be the property of the latter, but for the joint use of both railroads.

The evidence further shows that after the above mentioned agreement was made the Terminal Company acquired through purchase and condemnation proceedings certain ground adjacent to the property in controversy, at an expense of several hundred thousand dollars, to be used in connection with the property in question, for depot purposes, graded the same, prepared plans for its depot, put in sidings and switch tracks, and constructed temporary buildings, but at the time of the commencement of this suit had not erected its depot.

The plaintiffs' main contention is that, notwithstanding the property in question may have been properly condemned by the St. Louis & San Francisco Ry. Co. for depot purposes, the defendant could not acquire by agreement with the latter company the right to the vacant or other portion thereof for its own depot buildings, turnouts, sidings, switches, etc. A solution of this question involves solely the construction of section 2742, R. S. 1889.

This section was first enacted in 1870 (Session Acts of 1869-70, p. 26), and provides that where lands are condemned by one railroad company for depot purposes "any other railroad company shall have the right to use said depot grounds for depot purposes, with the necessary buildings, turnouts, sidings, switches and other conveniences in furtherance of said purpose; and if said two companies can not agree upon the amount of compensation to be made therefor, or the points or manner of such use, the same shall be ascertained and deter-

mined by commissioners as provided by law for the condemnation of land for railroad purposes."

As we have seen, by the arrangement between the St. Louis & San Francisco Ry Co. and defendant a part of the tracks on the property in question were to be constructed by the former company and a part by the latter. All, however, for the joint use of both roads in furtherance of terminal or depot purposes.

There is nothing in the provisions of this statute sustaining plaintiff's contention that the uses and purposes to which the property in question was being subjected under the circumstances disclosed by this record is a new servitude of which the plaintiffs can complain, or in respect to which they are entitled to additional compensation.

Manifestly the court in the original condemnation proceedings had in view, in arriving at the damages awarded plaintiffs for the appropriation of their property, the fact the defendant or any other railroad company might use the property in question for a similar purpose upon such terms as should be mutually agreed upon between the St. Louis & San Francisco Ry. Co. and such other road as might desire to use the same.

It is conceded that the defendant could acquire the right to use the premises in question for its turnouts, sidings, switches, etc., by condemnation proceedings against the St. Louis & San Francisco Ry Co. If, then, it could acquire such land by condemnation proceedings, no reason is perceived why the right to such use could not be acquired just as well by mutual agreement between the two companies. This is all that section 2742 means. This is made perfectly clear when we come to consider that at the time this statute was enacted, as well as at the present time, there was hardly a railroad of any considerable consequence in this State where some portion of its road was and is not used by other railroads, and we know of no authority wherein it has been held or even intimated

that, under such circumstances, such use constitutes a new servitude for which the owner of the fee is entitled to additional compensation.

Railroad v. Jennings, 13 S.W.Rep. 270; Lyon v. McDonald, 14 S.W.Rep. 261; Platt v. Railroad, 1 N.E.Rep. 420, and Telegraph Co. v. Eaton, 170 Ill. 513, are relied upon by counsel for plaintiffs as being cases in which relief was granted on analogous facts. In the first case the railroad company conveyed part of its right of way to another company, and it was there held that the owner in fee could enjoin the construction of the latter company's road where it would result in damage to the owner of the adjoining property.

In Lyon v. McDonald, the same court decided that where a railroad company permits a party to use a part of the property which had been condemned for depot purposes for a lumber yard, the owner can recover from the party using the same the rental value of the premises thus occupied.

Platt v. Railroad, was by a divided court, and decided in effect that where part of the lands condemned for right of way had been abandoned, such abandoned part can not be conveyed to another road for the reason, as given in the opinion, "an easement for one road, as we have seen, was acquired, and nothing more, and the statute contemplates only that." In the case at bar the agreement is made between the St. Louis & San Francisco Ry. Co. and the defendant, by which, without abandoning its own right of use for depot purposes, the former company agreed that the particular strip of ground in question might be jointly used by both companies for switches, turnouts, etc., connecting with its own and the St. Louis & San Francisco Ry. Co.'s depot. It will be observed that in none of the cases relied upon by counsel for plaintiffs did the railroad company simply permit, as in this case, the joint use with it by another company of property either condemned for right of way or depot purposes. The want of analogy is quite apparent.

In Telegraph Co. v. Eaton, 170 Ill. 513, cited by plaintiffs, it was held that the owner in fee of land over which public highway is laid out has the exclusive right to the soil subject only to the right of travel in the public, and the erection of telegraph poles used in the construction of a telegraph line along such highway constitutes an additional servitude upon the fee, and that such owner may maintain ejectment against the company constructing the telegraph line. Without discussing the rulings in other jurisdictions in respect to this point, the holding in this State has been clearly otherwise. In Julia Bldg. Ass'n v. Bell Telephone Co., 88 Mo. 258, NORTON, J., on this point, in circumstances like the present, held the erection and maintenance of telephone poles was a proper use of a street and does not subject it to a new servitude inconsistent with and subversive of its proper use as a street, and that the abutting lot owner could not complain of such use.

Subsequently, in State ex rel. v. Murphy, 134 Mo. 548, this court, in banc, gave its unqualified approval of the rule enunciated in Julia Bldg.. Ass'n v. Bell Telephone Co., *supra*, and we see no reason, notwithstanding the rule laid down in Telegraph Co. v. Eaton, to depart from the conclusion arrived at by the court in Julia Bldg. Ass'n v. Bell Telephone Co., 88 Mo. 258, and followed in later cases without question.

The underlying principle upon which railroads have always been considered public thoroughfares is that the public might use the same for traveling purposes under certain limitations. Under the rights thus acquired by the St. Louis & San Francisco Ry. Co., by condemnation proceedings in respect to the land in question, the latter company had the unquestioned right, by agreement with defendant, to permit the latter to use said premises for its depot purposes, with the necessary buildings, turnouts, sidings, and other conveniences in furtherance of such purpose, and such joint use is not beyond the use for which the same was condemned by the St. Louis &

San Francisco Ry. Co., and for which the plaintiffs have received compensation, nor is such joint use violative of the provisions of the statute above adverted to.

The point is made by counsel for plaintiffs that by the above quoted provisions of section 2742, the Legislature had in view the establishment of union depots only. Here, again, we are unable to agree with counsel in their construction of the statute. The plain and unambiguous language of this provision does not warrant such interpretation. By the statute in question it was clearly intended that any other railroad company could establish its depots, with sidings, switches, and other conveniences in furtherance of such purposes, upon the ground already appropriated by one railroad company for depot purposes.

While it is true that the statute simply authorizes the acquisition by the second company, of the right to use the condemned premises of the other company, this, as we understand it, is all the interest claimed by the defendant. The right conferred by the statute under consideration is the right to use "said depot grounds for depot purposes, with the necessary buildings," etc., and such use is not restricted to the "depot" merely, as contended by counsel for plaintiffs.

The servitude and use to which the property in question is being subjected by the defendant company is a public use, and in no wise inconsistent with the use for which said premises were originally appropriated by the condemning company, or with the rights of the original land owners, and in our opinion is not a new servitude in respect to which the owner of the fee is entitled to further compensation.

The judgment of the circuit court is therefore affirmed. All concur.