## WALLACK, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, February 19, 1907.

#### (Opinion by Bland, P. J.)

1. **STREET RAILWAYS:** Negligence: Prima Facie Case. In an action against a street railway company for injuries received by plaintiff in a collision of his wagon with a car of the defendant, where the evidence showed that he drove on the track without looking or listening and was negligent but the evidence tended to show that he was in clear view of the car and seventy-five or more feet in advance of it when he drove on the track and that the car at that place and at the rate it was moving could have been stopped within fifteen or twenty feet, it was a question for the jury whether the motorman was negligent in failing to avoid the collision when he could have done so by the exercise of ordinary care; if he could have avoided the collision by the exercise of ordinary care, the defendant was liable notwithstanding the prior negligence of the plaintiff.

2. ———: ———: Contributory Negligence. In such case an instruction which told the jury that although the plaintiff was negligent in driving on the track, yet if the motorman saw the plaintiff's wagon on the track in a position of danger in time, by the exercise of ordinary care, to have prevented a collision, they could not find a verdict against plaintiff on the ground "that his own negligence directly contributed to the injury" was erroneous because the rule is that plaintiff can not recover for an injury to which his own negligence directly contributed.

3. ———: ———: ———: Conflicting Instructions. Such instruction was also erroneous because in conflict with an instruction given by the court of its own motion to the effect that the jury should find for the plaintiff unless he was negligent in such a manner as directly contributed to his injury.

4. **PERSONAL INJURIES: Measure of Damages: Loss of Earnings.** In an action for personal injuries, the jury cannot take into consideration loss of earnings incurred by the plaintiff in the absence of evidence of the value of his earnings.

5. **STREET RAILWAYS: Vigilant Watch: Duty of Motorman and Conductor.** It is the duty of the motorman in charge of a street car to keep a vigilant watch ahead, but it is not the duty of the conductor, and in an action for injuries caused by a collision with a street car, an instruction stating that it was the duty of both motorman and conductor to keep such watch, was erroneous.

6. ———: **Negligence: Sole Cause.** In an action for injuries caused to plaintiff by a collision with a street car, an instruction which required the jury to find that the negligence of the defendant was the sole cause of the injury in order to find for plaintiff, was erroneous and properly refused.

**(Separate Opinion by Goode, J.)**

7. ———: ———: **Contributory Negligence.** The instruction which told the jury that they could not find against the plaintiff on the ground that his own negligence contributed directly to the injury, although he was negligent in driving upon the track, if the motorman by the exercise of ordinary care could have prevented the collision, meant that the negligence of the plaintiff could not have contributed to the injury if the motorman could have stopped the car before reaching him, after detecting the danger; though such instruction was put in such a way that it might be misunderstood by the jury.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas*, Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann, George W. Easley* and *Edward T. Miller* for appellant.

(1) The court erred in giving instruction number 2 on behalf of plaintiff. The first objection to this instruction is, that it permits a recovery, even though plaintiff's negligence was "cotemporaneous and coincident with his injury." Holwerson v. Railroad, 157 Mo. 257; Moore v.

123 App—11

Railroad, 176 Mo. 528; Ries v. Transit Co., 179 Mo. 1; Reno v. Railroad, 180 Mo. 469; Beach, Cont. Neg., sec. 56; Cooley on Torts (2 Ed.), 813. The second objection to the instruction is, that there is no legal evidence to show that the car could have been stopped after plaintiff's position became perilous. Petty v. Railroad, 179 Mo. 666; Roenfeldt v. Railroad, 180 Mo. 554; Heinzle v. Railroad, 182 Mo. 554. (2) The court erred in giving plaintiff's instruction numbered 7. Among other errors the instruction permits a recovery by plaintiff for the value of his labor lost, and there is no evidence in the record to support the submission of that element of damages. Paquin v. Railroad, 90 Mo. App. 118; Sedgwick on Damages, sec. 181. (3) The court erred in giving of its own motion an erroneous instruction numbered 1. Gebhardt v. Transit Co., 97 Mo. App. 373. This instruction declared that it was the duty of both of defendant's employees on the car—the conductor and the motorman—to keep a vigilant watch for vehicles on or moving toward the track, and if either of them failed in this duty, or if either of them failed to stop the car in the shortest space and time possible, then plaintiff could recover.

*Daniel Dillon* for respondent.

(1) The first point made in appellant's brief is that the court erred in giving instruction numbered 2 in behalf of plaintiff. The proposition of law contained in this instruction has been approved in so many cases that it would be tedious to cite all of them. I will refer to a few of the more recent. Biscuit Co. v. Transit Co., 108 Mo. App. 303; Waddell v. Railroad, 88 S. W. 765; Rapp v. Transit Co., 88 S. W. 865, and cases cited on page 869; Scullin v. Railroad, 184 Mo. 695. (2) The second point made in appellant's brief is that plaintiff's instruction numbered 7 is erroneous, in that it permitted a recovery by plaintiff for the value of his labor lost

in consequence of this injury. The evidence was that before this injury the plaintiff was a strong, healthy man, who did all kinds of farm work on his own farm, and that in consequence of this injury he was in a hospital for six weeks, and could not walk for four months, and for six months could not wear shoes, and had been unable to do any work since receiving the injury. Blackwell v. Hill, 76 Mo. App. 55; Rosenkrantz v. Railroad, 108 Mo. 17; Brunke v. Telephone Co., 87 S. W. 84; Batley v. Trorlicht, 49 Mo. App. 219.

STATEMENT.—Gravois avenue is a highway in the city of St. Louis, running north and south. It is crossed by Eichleberger street, runing east and west, at 4200 south, and by Bates street, one block south of Eichleberger. The block between Eichleberger and Bates streets is seven hundred and fifty feet long. The grade on Gravois avenue between these streets, for the first hundred and fifty or seventy-five feet, is slightly descending, then about level for one hundred and fifty or two hundred feet, and ascending the balance of the distance. In July, 1903, defendant company maintained and operated, by electric power, a double-track street railroad on Gravois avenue. Cars traveling south on this road occupy the west track and those traveling north the east track. Between the curb and tracks on either side there is a paved roadway eleven feet, nine inches wide. On July 11, 1903, plaintiff was driving an ordinary farm wagon, drawn by a span of mules, south on Gravois avenue. The seat on which he was sitting was at the front end of the wagon and was raised about two feet above the floor of the wagon bed. His load consisted of a barrel of salt, a grindstone, some barbed wire and a jug of whiskey. Plaintiff testified that he was driving south in the west track of the railroad, when he passed Eichleberger street; that he met a wagon and turned east on the west track to let it pass, and then saw a car coming south of Bates street and

turned "catacornered" off of the east track on to the west one; that he looked back but the barrel of salt, which he says was standing on end just behind him, prevented him from seeing a car, which was coming south on the west track. Plaintiff also testified that he did not hear the car or the gong sounded, and that just as he pulled on the track a car came and struck him. On cross-examination, plaintiff said he had driven about twenty-five yards on the west track before he was struck. The collision took place from one hundred and fifty to one hundred and seventy-five feet north of the crossing of Bates street, and where the grade on Gravois avenue is slightly ascending. The northbound car, to avoid which plaintiff turned off the east track, stopped at Bates street to take on passengers, and the collision occurred at this time and while said car was standing still.

H. C. Bauer, the motorman in charge of the northbound car, was called as a witness for defendant, and estimated the distance the southbound car was from plaintiff, when he pulled on the west track, at from seventy-five to one hundred feet.

John Doyle, an experienced motorman, testified he was acquainted with Gravois avenue, between Eichleberger and Bates streets, and with defendant's railroad at that point; that a car two or three hundred feet north of Bates street, could be stopped in from twelve to fifteen feet, if running at eight miles an hour; and in twenty feet, if running ten miles an hour. Other evidence tends to show the car was running from eight to ten miles an hour.

On the part of defendant, the evidence of passengers on the northbound car, of a passer-by in a carriage, and also of the motorman and conductor in charge of the colliding car, tends to show the gong was sounded either continuously, or at very frequent intervals, from Eichleberger street to the point of collision; that plaintiff without looking or listening, drove his team of mules off of

the east track over to and on the west one, immediately in front of the car (within twelve or fifteen feet of it) and that the motorman did all in his power to stop or check the speed of the car to avoid the collision, but the wagon was so near when plaintiff put himself in a position of peril as to allow neither time nor space in which to stop the car. Witnesses who had seen plaintiff driving his wagon a few hours before the accident, testified he was on his back, drunk, letting his mules go at random. Others present at the scene of the accident testified that the odor of whiskey was on plaintiff immediately after the collision. In rebuttal plaintiff testified he was sober and had not taken a drink from his jug.

Plaintiff received serious and permanent injuries on account of which he lost a great deal of time, the value of which is not stated in the evidence, and his wagon was smashed to pieces. The mules were unhurt.

The jury found the issues for plaintiff and awarded him $2,405 damages.

BLAND, P. J. (after stating the facts).—1. At the close of all the evidence, defendant asked an instruction in the nature of a demurrer to the evidence. The refusal of the court to grant this request is the first error assigned. It is very evident that plaintiff turned off the east track and drove on the west one, without looking or listening for a car on the latter track. His evidence, that he looked back but the salt barrel prevented him from seeing, is too absurd to be considered, and therefore, he convicted himself of negligence and no just or correct disposition can be made of the case without keeping this fact clearly in view, and only for the evidence of Bauer, that plaintiff went on the west track when the southbound car was from seventy-five to one hundred feet north of him, and that of Doyle, the other motorman, that the car at that point could have been stopped within a space of fifteen or twenty feet, at the speed

at which defendant's witnesses testified it was running, we would feel no hesitancy in deciding the case should have been taken from the jury. But from this evidence and that of the motorman in charge of the car, that plaintiff was continually under his view and observation before and at the time he turned upon the west track, it reasonably appears the car could have been stopped in time to have avoided the collision, had the motorman in charge thereof exercised ordinary care. In such circumstances, defendant is liable, notwithstanding the prior negligence of plaintiff, and not withstanding the accident would not have happened but for his negligence. The rule of law applicable to this phase of the case is nowhere better expressed than by Judge McFarland, in Watson v. Railway, 133 Mo. l. c. 250-1, in the following language:

"In order to avoid the effect of the unquestioned negligence of deceased, plaintiff charges that defendant's employees failed to observe proper care after the peril to which he had exposed himself was known to them, or by reasonable care might have been known. The rule is thus invoked, which is well settled in this State, that, though one has negligently placed himself upon a railroad track in front of a moving train, those operating it owe him the duty of care to avoid injuring him, and his *previous* negligence will not bar a recovery if injury results to him from neglect of such duty."

The court did not err in refusing to nonsuit plaintiff.

2. For plaintiff the court gave the following instruction:

"2. If the jury believe from the evidence that plaintiff was negligent in driving on the street car tracks of defendant, St. Louis Transit Company, over and along which said company ran its cars, yet if the jury further find from the evidence that the motorman operating the car of said defendant which collided with plaintiff's

wagon saw said wagon on said railroad tracks in front of said car and in a position of danger from said car in time, by the exercise of ordinary care, to have prevented said car from striking said wagon and failed to exercise such care, thereby permitting said car to collide with said wagon, then the jury cannot find a verdict against plaintiff on the ground or for the reason, that his own negligence directly contributed to his injury."

It is and always has been the law in this State, that in an action for personal injuries, founded upon negligence, the plaintiff cannot recover if his own negligence directly contributed to his injury. [Holwerson v. Railway, 157 Mo. 1. c. 238, 57 S. W. 770; Boyce v. Railway, 168 Mo. 583, 68 S. W. 920; Moore v. Railway, 176 Mo. 528, 75 S. W. 672; Reno v. Railway, 180 Mo. 469, 79 S. W. 464; McLeland v. St. Louis Transit Co., 105 Mo. App. 473, 80 S. W. 30.] The instruction is also in conflict with one given by the court of its own motion, wherein the court, upon a hypothetical state of facts, instructed the jury they should find for plaintiff, "unless you shall further believe from the evidence that plaintiff was negligent in such a manner as directly contributed to his said injury." One or the other of these instructions was bound to override the other and the jury were forced to slaughter one of them to arrive at any sort of a verdict. Which of the two instructions they disregarded is a matter of conjecture. They are irreconcilably opposed to each other and for this error the judgment must be reversed. [Mansur-Tebbetts Imp. Co. v. Ritchie, 143 Mo. 587, 45 S. W. 41; Baustian v. Young, 152 Mo. 217; Shepherd v. St. Louis Transit Co., 189 Mo. 362, 87 S. W. 1007.]

3. Plaintiff's instruction on the measure of damages is erroneous in authorizing the jury to assess damages for loss of time and earnings, caused by the injury, for the reason there is no evidence of the value of plaintiff's earnings. [Paquin v. Railway, 90 Mo. App. 118.]

4. In the instruction given by the court of its own

motion, the jury were told that it was the duty of both the motorman and conductor in charge of the car to keep a vigilant watch, etc. In Gebhardt v. St. Louis Transit Co., 97 Mo. App. 373, 71 S. W. 448, we held, that no such duty is required of the conductor. His duties call him to the inside of the car and to the rear platform, where he cannot keep a watch ahead of the car. In Heinzle v. Railway, 182 Mo. 528, 81 S. W. 848, plaintiff's instruction numbered 4, in effect, told the jury that it was the duty of both the motorman and conductor to keep a vigilant watch, etc. At page 559, the court said: "Upon another trial plaintiff's instruction numbered four should be restricted to the 'motorman' who had control of the movement of the train."

5. Defendant asked the following instruction, which the court refused to give:

"Even though you may believe the motorman was negligent, yet if you further believe that plaintiff was also negligent, and that such negligence on plaintiff's part directly contributed to the collision, then plaintiff cannot recover.

"And in this connection the court calls your attention to this distinction between the effect of negligence on the part of the plaintiff and negligence on the part of defendant. In order for plaintiff to recover he must prove that the collision was caused directly and solely by the negligence of defendant's servants in charge of the car; whereas, in order to defeat plaintiff's recovery, it is only necessary for defendant to prove that plaintiff was himself guilty of negligence which directly contributed to the collision, although it may not have been the sole cause of it."

The refusal of this instruction is also assigned as error. The language of the instruction is too strong. If the word "solely" had been omitted and the word "proximately" used instead, the instruction would have been

proper. [Oates v. Railway, 168 Mo. 1. c. 548, 68 S. W. 906.]

For errors noted herein, the judgment is reversed and the cause remanded. *Goode* and *Nortoni, JJ.,* concur except to second paragraph.

### SEPARATE OPINION BY GOODE, J.

I do not understand that the court meant to say in the second instruction given for plaintiff that his contributory negligence would constitute no defense. The real meaning of the instruction is that though plaintiff may have been negligent in driving on the tracks, yet such negligence could not have contributed to the accident if the motorman could have stopped the car before reaching him, after detecting the danger of a collision. However, as the instruction put the matter, perhaps the jury might have misunderstood its meaning. I concur, as does Judge *Nortoni,* except in the view taken of the meaning of said instruction.