## LEACH, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals.** Submitted March 29, 1909. Opinion filed April 6, 1909.

1. **DAMAGES: Loss of Earnings: Evidence.** In an action for damages on account of personal injuries, it was error to permit a recovery for loss of time and earnings without proof of the value of the time and the amount of earnings lost.

2. **CARRIERS OF PASSENGERS: Degree of Care: "Mixed Train."** Passengers carried on a "mixed train" cannot rightly expect all the conveniences and comforts which are furnished on a regular passenger train, but they are entitled to be carried with as high a degree of care as is compatible with the management of a mixed train.

3. **PRACTICE: Instructions: Defining Terms.** The failure of the trial court to define the terms "carelessly" and "negligently" used in an instruction given for plaintiff in an action for damages caused by defendant's negligence, was cured by an instruction given for defendant setting out what negligent acts were necessary in order to justify a verdict for plaintiff.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*W. F. Evans* and *James Orchard* for appellant.

Negligence is an affirmative fact to be established by proof before there can be any recovery of damage on account thereof, and it is a question of law whether or not the evidence tends to prove such negligence in any case. Ryan v. McCully, 123 Mo. 646; Chandler v. Gas Co., 174 Mo. 328; Stepp v. Railway, 85 Mo. 229; Rutledge v. Railway, 123 Mo. 121; Warner v. Railroad, 178 Mo. 125. The court erred in giving instruction 2 on the part of plaintiff, in that it instructs the jury that in

arriving at their verdict they may take into consideration
any loss of earnings during the remainder of her life.
This is error, for the reason that there is no testimony
on which to base that instruction; in other words, there
is no evidence as to what the plaintiff's earning capacity
was. There was no evidence that she was in any business
or in any calling that she would derive any income from
whatever. In the case of Wallack v. Transit Co., 123
Mo. App. 167, the court says: "Plaintiff's instruction
on the measure of damages is erroneous in authorizing
the jury to assess damages for loss of time and earnings,
caused by the injury, for the reason there is no evidence
of the value of plaintiff's earnings." This being a mixed
or freight train, the plaintiff as a passenger on said
train assumed the dangers or perils which are necessarily
incident to that mode of conveyance. McGee v. Railway,
92 Mo. 208; Whitehead v. Railway, 99 Mo. 263; Tuley v.
Railway, 41 Mo. App. 432; Fullerton v. Railway, 84
Mo. App. 498; Wait v. Railroad, 165 Mo. 612.

*K. C. Spence* for respondent.

STATEMENT.—The plaintiff in this case brought her
action for personal injuries received while a passenger
on a freight train of the defendant to which was attached
a passenger coach, into which she was escorted by the
conductor of the train and against which coach, while
on the track, other cars were backed with such vio-
lence, as it is claimed, as to throw her forward across
the seat and injure her internally. Charging negligence
in the operation of the train, she sues for $15,000 dam-
ages. At a trial before the court and jury she was
awarded $1,000. Various errors are assigned to the
giving and refusal of instructions and it is insisted that
there was no evidence whatever in the case to sustain
the verdict. Among other instructions given at the in-
stance of the plaintiff is this, in part, in instructing on
the measure of damages, namely, that the jury should

Leach v. Railroad.

assess plaintiff's damages at such sum, not exceeding fifteen thousand dollars, as from the evidence they might believe to be a fair compensation for the injuries sustained by her on account of the collision; this instruction closing with these words: "and that in estimating such damages you should take into consideration the physical pain and mental anguish occasioned by her injuries, if the jury find that she was injured. The fact, if you so find from the evidence, that her injuries are permanent, and their future effect upon her health, if from the evidence you believe it will be affected thereby; and further, any loss of earnings during the remainder of her life." This covers all contained in the instructions as to the rule for estimating the damage. It is objected to this instruction that it submits to the jury the question of loss of earnings by plaintiff during the remainder of her life and that there was no evidence whatever showing what earnings she had theretofore been receiving or would lose by reason of her injuries. The testimony on this point, as set out in the brief of plaintiff's counsel is this:

"Q. I will ask you if you are able now, or have been since you got this injury, to do your work? A. No, sir; I have not been able to do anything.

"Q. I will ask you, if before you received this shock, you was able to do your work, and a healthy woman for your age? A. Yes, sir; I was able to do my work and make my own living for myself and daughter, and I was sound in body and mind and in good health.

"Q. Now, I will ask if this injury has totally incapacitated you from making your living? A. Yes, sir.

"Q. What had you been doing prior to this time? A. Sometimes, for several years, I have been keeping a rooming house, renting rooms."

This is all the evidence touching the matter of earnings claimed by counsel for plaintiff to be in the case.

REYNOLDS, P. J. (after stating the facts).—We regret that we are compelled to reverse this case on this point but it is too important a point, in cases of this kind, to be overlooked. When the plaintiff insists on damages for loss of time and earnings she must be put to the proof of the value of her time and the amount of her earnings. An instruction submitting to the jury a rule for the estimation of damages which includes in it the element of loss of earnings, when there is no foundation for it, is reversible error. ·[Wallack v. St. Louis Transit Co., 123 Mo. App. 160, l. c. 167.] This is the only error we discover in the record.

Complaint is made by the appellant, defendant below, of the refusal by the court of the following instruction:

"The court instructs the jury that if you believe and find from the evidence that it was the custom of defendant to draw the coach down to the depot and let the passengers alight, then switch the coach back on the 'Y' and do the switching, and after the switching was completed, to bring the coach back to the depot for passengers to board it, and that this rule was adopted on the date in question, and that the plaintiff boarded defendant's passenger coach before the switching and before being invited, and before said coach was brought back to the depot after the switching, then the company is not liable, and you will return a verdict for the defendant."

That instruction was properly refused. In support of it the learned counsel for the appellant advance the proposition that this being a mixed train, part freight, part passenger, the plaintiff, as a passenger on it, assumed the dangers or perils which are necessarily incident to that mode of conveyance, and they cite several cases which are claimed to be in support of this proposition. We do not think that the contention of counsel is correct nor that the cases support them. While passengers carried in a mixed train, that is in a coach attached

to a freight train are not to expect all the conveniences and comforts that are furnished those riding in regularly made up passenger trains, they are entitled to be carried with as high a degree of safety as is compatible with the management of a "mixed" train.

Complaint is made that the court, in its instruction given at the instance of plaintiff, instructed the jury that if the agents and employees of defendant, "carelessly and negligently caused other cars to be run against and violently strike the coach in which plaintiff was seated, and that in consequence of such collision of cars, she was injured, your verdict should be for plaintiff." It is complained of this instruction that the terms "carelessly and negligently," were used without defining what carelessness and negligence consisted of, and in support of this contention reference is made to the case of Magrane v. Railway, 183 Mo. l. c. 132. It was said in that case at that place, that "The only adverse criticism to be passed on those instructions is that they submit to the jury the question of negligence of the defendant in the matter without instructing the jury as to what constitutes negligence." But the court expressly refused to reverse on account of this and it was a mere criticism of verbiage without condemning the body of the instruction itself. Furthermore in the case at bar at the instance of the defendant this instruction was given:

"The court instructs the jury that the mere fact, if it is a fact, that there was a sudden jolt or jar of the cars, which threw the plaintiff from her seat, is not sufficient to constitute negligence, and unless you find from all the evidence in this case that the men in charge of the train were guilty of negligence in making the coupling, or that the machinery or appliances were out of order, which produced the jolt or jar, your verdict must be for the defendant."

Whatever criticism may be indulged in as to the failure of the court to define the terms "carelessly and

negligently," as used in the instruction given at instance of plaintiff was cured by this.

For error in the instruction as to the measure of damages, the judgment must be reversed and the cause remanded for a new trial. It is so ordered, all concurring.

