# McLELAND, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, March 15, 1904.

1. **ASSIGNMENT OF CLAIM: Unliquidated Damages.** A half interest in an unliquidated claim for damages for personal injuries is not assignable, and, under section 540, Revised Statutes 1899, the assignment of a half interest in such a claim to her attorney would not prevent the client from suing in her own name as the real party in interest.

2. **STREET RAILWAYS: Contributory Negligence: Question for Jury.** Where the plaintiff testified that she attempted to pass in front of a stationary street car, two feet distant, on a crowded street, and was injured by the sudden starting of the car, without warning, the question as to whether the plaintiff was guilty of contributory negligence, which proximately caused the injury for which she sued, was properly submitted to the jury.

3. ——: **Concurring Negligence.** But if the injuries were the result of the mutual and concurring negligence of the plaintiff and defendant's motorman, and either without the other would not have caused the same, the plaintiff can not recover, and it was error to refuse to so instruct the jury.

4. ——: **Departure: Instruction.** It was a departure from the issues presented by the pleading and the evidence to instruct the jury upon the theory that defendant was liable if the motorman could have stopped the car after he saw, or, by using ordinary care, could have seen her position of peril, the negligence assigned being the sudden starting of the motionless car, and there being no averment nor proof that the casualty resulted from failure to stop the car.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss,* Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann* and *George W. Easley* for appellant.

(1) The court erred in sustaining the plaintiff's motion to strike out the third paragraph of defendant's answer. The act of the Legislature (Sess. Acts 1901, p. 46) so far changes the common law rule that assignments of part of a claim for damages may be made. When made, as alleged in the paragraph of the answer stricken out by the court, the party to whom the assignment is made becomes so identified with the plaintiff as a party in interest that the attorney to whom the assignment is made must secure the costs, unless he is also in such condition that he may also sue as a poor person. Feil v. Railway, 119 Fed. 490. This makes the assignee the real party in interest, and he must join in the suit. R. S. 1899, sec. 540. (2) It was a case of mutual mistake or negligence and there can be no recovery. Hornstein v. St. Louis Transit Co., 70 S. W. 1105. The motorman had much more reason for believing that the plaintiff would remain standing than she had for thinking that the car would not stop. Cogan v. Railroad, 73 S. W. 738; Moore v. Railway, 75 S. W. 672. (3) The court erred in modifying instruction numbered 8, offered for defendant, by adding thereto the following: "Provided you further find that the motorman could not have stopped the car after he either saw, or could have seen by using ordinary care, that the plaintiff was in a position of peril." This proviso added to the instruction was a radical reversal of the issues made by the pleadings and is such error as demands a reversal. It authorized a recovery on a ground not alleged in the petition. Waldheir v. Railroad, 71 Mo. 514; Feary v. Railway, 162 Mo. 96. "A recovery could only be permitted on the ground alleged." Conrad Grocer Co. v. Railroad, 89 Mo. App. 542.

*Fred L. Vandeveer* for respondent.

(1) The portion of defendant's answer referred to was very properly stricken out by the trial court. The answer charges that she did a thing which the law would not permit her to do, and which was, therefore, an impossibility. R. S. 1899, sec. 540; Snyder v. Railway, 86 Mo. 613; Davis v. Morgan, 97 Mo. 79; Alexander v. Railroad, 54 Mo. App. 66. (2) It is true the petition alleges that the plaintiff walked in front of the car while it was still. But, under the statute, the pleadings must be liberally construed. Cobb v. Railway, 149 Mo. 135. (3) When such a construction is applied to the petition, it will be seen that the gravamen of the offense charged is striking the plaintiff with the car. Beckers v. Lincoln R. E. & B. Co., 73 S. W. 581; Gannon v. Gaslight Co., 145 Mo. 502; Hoyberg v. Hensky, 153 Mo. 64.

STATEMENT.

On the twenty-sixth day of April, 1902, the plaintiff, Miss Lettie McLeland, a resident of Madison, Illinois, but familiar with the operation of street cars and a frequent visitor to St. Louis, about midday, walked northward on the west side of Broadway to the south side of Washington avenue. She narrates that she stopped at the corner, as she stated, to see where the cars were, and observed an eastbound car about the middle of the block towards Sixth street, and she then continued to within five feet of the track, waiting for the car to pass; it stopped to let two passengers off and plaintiff proceeded to cross the track and when about one-third of the way, the car was put in motion without signal, and starting forward struck plaintiff on the ankle and she fell backwards sustaining the injuries, the basis of this action. A police officer promptly rendered her assistance and declining his suggestion to have

an ambulance summoned, with his aid, she took a Broadway car and though in pain crossed by the ferry homeward.

The petition, after formal averments of incorporation of defendant and its operation of the street railway system, thus presented her cause of action:

"That at said time Washington avenue, at the intersection of Broadway, at the place hereinafter mentioned, was an open public highway within the city of St. Louis; that on or about, to-wit, the twenty-sixth day of April, 1902, plaintiff was lawfully crossing from the south side of Washington avenue, to the north side and on the west side crossing, or passageway, when she was struck by one of the defendant's eastwardly bound cars in charge of an agent of the defendant; that the striking of plaintiff by said car was directly due to the negligence of the defendant's agent, the motorman in charge of said car, in the following particulars, to-wit:

"That as the plaintiff was crossing said eastbound track, and just as she was nearly across the same, the motorman in charge of a still and motionless car negligently, carelessly and recklessly caused the same to start, and to strike and injure plaintiff; that the motorman in charge of said car, prior to the striking of plaintiff, negligently failed to sound a gong or give other warning or notice of the fact that the said car was about to be put in motion and moved forward; that the defendant's motorman negligently and recklessly failed to keep a lookout for persons on or near the track on which his car was about to be put in motion and moved forward, when by the use of ordinary care in keeping a watch for such persons he would have discovered plaintiff in a position of danger, and would not have caused his car to move forward when plaintiff was upon or near said track, and in danger of being struck by said car, if it was started.

"And the plaintiff avers that the striking of plaintiff by defendant's said car on said occasion was directly due to the aforesaid acts of negligence on the part of defendant."

The hurts inflicted were then detailed, damages in a substantial sum therefor charged and judgment prayed.

The answer incorporated a general denial, a plea of contributory negligence in that the alleged injuries were caused by her own negligence by going upon the track in front of a moving car at a time and place when and where she might have seen and heard the approaching car in time to have kept off the track and avoided the injury; and that she was further negligent, in getting into such proximity to such moving car that she stepped on the fender in front of it and was struck by the fender on the ankles and thrown down.

The answer also contained the following special plea:

"And for further answer, defendant says that this action is not prosecuted in the name of the real party in interest; for that, on or about June 12, 1902, said plaintiff sold, and by writing assigned to Henry B. Davis and Curtis Haydon, one-half of her said claim here sued upon, which one-half interest was in no event to be less than two thousand dollars. Defendant can not file herewith said written assignment, because the same is in the possession of and under the control of the plaintiff and her attorney in this cause and said Davis and Haydon."

A demurrer to the final paragraph of the answer was overruled, but a motion to strike it out as not stating facts sufficient to constitute a defense was sustained.

A jury trial resulted adversely to defendant, which has appealed.

REYBURN, J. (after stating the facts as above). —1. The first contention of appellant is that the lower court erred in its ruling that the assignment of an interest in plaintiff's cause of action to her counsel, as pleaded, constituted no defense to the action. The legislation creating a lien in favor of the attorney upon the client's cause of action (Acts, 1901, p. 46), which was the subject of interpretation lately in this court (Young v. Renshaw, 102 Mo. App. 173), is not herein involved, for the conditions precedent to, perfecting such lien imposed by the act of the Legislature are not averred to have been complied with. The decision of the Federal Court invoked by appellant, upon analysis, merely denies the right of a plaintiff to sue *in forma pauperis*, when it appears that such plaintiff has made a contract with her attorneys for a fee contingent upon recovery, holding that in such event as plaintiff represents not only her own but the interests of her attorneys as well, she is suing for herself and as trustee for them, and that while standing alone she might be entitled to sue as a poor person under the law, yet in her representative capacity she can not be poor, within the meaning of the act of Congress, unless the beneficiaries whom she represents are poor also, in no wise sustains the position of appellant but rather militates against it. Feil v. Railroad, 119 Fed. 490.

Section 540, R. S. 1899, provides that every action shall be prosecuted in name of real party in interest, except as provided in the succeeding section, which relates to executors, administrators and trustees of an express trust, and the final clause of section 540 expressly recites that it shall not be deemed to authorize the assignment of a thing in action not arising out of contract.

In Alexander v. Railway, 54 Mo. App. 66, involving a contract for professional services where the client

had made an independent compromise, the court clearly holds that no causes of action are assignable, except such as survive the death of the plaintiff and that an action for personal injuries does not survive, and that there could be no assignment of a part of a claim, even though definite and fixed in amount, without consent of the debtor. It follows, therefore, that such attempted assignment of plaintiff's unliquidated claim was without the sanction of law in this State, and invalid, and the defense sought to be based thereon properly stricken out.

2. The next assignment of error presented, is that the usual peremptory instruction asked at close of plaintiff's case and repeated at close of all the testimony, should have been given. The only testimony on plaintiff's behalf describing the occurrence was to be found in her own narrative from which the statement of the case was compiled. From this testimony, it is disclosed that the car had stopped and while passengers were alighting, plaintiff sought to pass in front of the stationary car, which was started without any signal to her that it was about to move. It is no unfair deduction that the motorman saw or should have seen plaintiff's effort to get by the car, nor are we prepared to declare that in the most crowded portion of the city of St. Louis, a pedestrian, who seeks to pass in front of a non-moving car in plain view of the attendant in charge is attributable with such contributory negligence as to debar recovery.

Negligence has been concisely defined to be the absence of care according to the circumstances: at the intersection of Broadway and Washington avenue, the junction of two of the most prominent thoroughfares in the city of St. Louis in frequent and constant use by pedestrians and vehicles of every sort, defendant's motorman should have exercised a degree of care commensurate with the conditions attending the passage

over Broadway by his car, being imputed the knowledge that the vigilance that might have sufficed in the less populous and travelled parts of the city would fall far short of constituting ordinary care in such thronged portions frequented by the public about the retail stores of the city, and where indeed the watchfulness exacted would vary at different hours of the day and even on different days of the week.   Under such state of facts, where reasonable men might fairly differ in their conclusions, the question of due care or negligence on plaintiff's part was properly relegated to the jury.

3.   The instructions composing the charge to the jury, additional to those involving the weight and value of the testimony of experts and the measure of damages, comprehended the following:

"If the jury believe from the evidence in this case that on or about the twenty-sixth day of April, 1901, the defendant was operating the street car mentioned in the evidence, within the city of St. Louis; and if the jury find from the evidence that Washington avenue at the intersection of Broadway, at said time, was an open public street within the city of St. Louis; and if the jury further find from the evidence that the plaintiff was walking north on the west side of Broadway, on a street crossing generally used by pedestrians, and that when she reached a point about five feet south of the defendant's eastbound track she looked and saw a car approaching on said track, and that said car came to a stop with its fender within a few feet of the said crossing over which plaintiff was about to pass, and that plaintiff, while exercising ordinary care continued her journey north and in front of said car, was struck by said car moving forward, and was injured; and if the jury believe from the evidence that defendant's agent, its motorman, saw, or by the exercise of ordinary care could have seen plaintiff while she was walking in front of said still and motionless eastbound car, and that she

was in danger of being struck and injured, if said east-bound car should be caused to be moved forward, and thereafter the defendant's agent, its motorman, started said car forward and caused it to strike plaintiff, and that such conduct on the part of said motorman was negligence, then and in that case the plaintiff is entitled to recover.

"By the term 'ordinary care,' as used in these instructions, is meant that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances, and by the term 'negligence' is meant the absence of such care.

"It was the duty of plaintiff when she approached the crossing to look for approaching cars, and if she saw the car by which she was afterwards struck, before going upon the track, it was her duty to wait and allow the car to pass, and if you find that before starting across the track she saw the car in question a distance of about two feet, and that she knew said car was approaching upon the track she was about to cross, and that she stepped in front of said car and was thereby injured, she can not recover; provided you further find that the motorman could not have stopped the car after he either saw, or could have seen by using ordinary care, that plaintiff was in a position of danger.

"The burden is upon plaintiff to prove that her injuries, were caused solely by the negligence of the defendant and without fault or negligence of plaintiff and with fault or negligence on her part; and this burden rests upon the plaintiff, throughout the entire case, and if the jury find from the evidence that the negligence of the plaintiff as defined in the other instructions, wholly or in part caused or contributed to her injury, then the verdict will be for the defendant.

"The court instructs the jury that even though you believe from the evidence that the car in question

was in motion when plaintiff attempted to cross the track, that even under such conditions, if the motorman saw the plaintiff, or by the exercise of ordinary care would have seen the plaintiff, crossing the track in front of said car and that he could thereafter, by the exercise of ordinary care, have stopped the car before striking the plaintiff, then it was the duty of the motorman to exercise ordinary care to stop the car in order to avoid striking the plaintiff; and if you believe from the evidence that the motorman failed to exercise ordinary care to avoid striking and injuring plaintiff, as aforesaid, then such conduct on the part of the motorman was negligent, and the plaintiff is entitled to recover.''

The court refused the instruction asked by the defendant in the form following:

''If plaintiff's injuries were the result of the mutual and concurring negligence of the plaintiff and defendant's mortorman and that either without the other would not have caused same, then plaintiff is not entitled to recover.''

In her conduct, as detailed by herself, as well as described by the witnesses who testified on behalf of defendant, the question of the negligence or want of care on part of plaintiff tending to bring about her injury, was a conspicuous issue confronting the jury, interposed in its defense by defendant. While in a measure this feature of the case is embraced in above instructions, especially in those portions declarative that the burden throughout rested upon plaintiff to establish that her injuries were caused solely by the negligence of defendant, and without fault or negligence on her part and referring the jury to other instructions, for definition of what constituted such negligence, yet defendant, as a matter of lawful right, was entitled to have the jury informed by a sharply defined and concise instruction, without qualification or obscurity, that if her

injuries resulted from the concurrent and mutual negligence of both herself and the corporation defendant, the latter was not responsible to her therefor. The clause containing the proviso in above quoted instructions, and thus presented with the context:

"It was the duty of plaintiff when she approached the crossing to look for approaching cars, and if she saw the car by which she was afterwards struck, before going upon the track, it was her duty to wait and allow the car to pass, and if you find that before starting across the track she saw the car in question a distance of about two feet, and that she knew that said car was approaching upon the track she was about to cross, and that she stepped in front of said car and was thereby injured, she can not recover; *provided you further find that the motorman could not have stopped the car after he either saw, or could have seen by using ordinary care, that plaintiff was in a position of danger,*" and which modification is reiterated in the close of the instructions recited above, is independent of any support in the evidence and as well a departure from the issues presented by the pleadings and the theory of the trial. The statement of the occurrence by plaintiff evinced that the car had stopped two feet from the crossing upon which she started to pass over; there is no proof of the feasibility of stopping the car within such narrow space, if indeed to so stop it was physically possible; the negligence assigned was the act of the motorman in charge of a *motionless* car recklessly starting it and striking plaintiff, and there is no averment that the casualty resulted from failure to stop a moving car, and the recovery must be confined to the cause of action relied on in the petition, and the instructions restricted and directed to the issues made by the pleadings and the evidence in support of the allegations therein, and recovery can not be sustained, although upon a basis or a state of facts, which, if properly pleaded, might have

exhibited a good cause of action. Chitty v. Railway, 148 Mo. 64; Bunyan v. Railway, 127 Mo. 12; Conrad Grocer Co. v. Railroad, 89 Mo. App. 534. While it might be doubted whether the declination of the instruction, in the form asked concerning contributory negligence, would have been error warranting a reversal, yet the infirmities in the instructions constituting a departure from the pleadings and evidence entitled the defendant to a retrial and the judgment is reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.