The TRAVELERS INDEMNITY COMPANY,
a corporation, Plaintiff-Appellant,

v.

Forest Oakley CHUMBLEY and Elizabeth L.
Losinsky, Defendants-Respondents.

No. 8416.

Springfield Court of Appeals.

Missouri.

July 21, 1965.

Motions for Rehearing or to Transfer Denied
Aug. 18, 1965.

Application for Transfer Denied by
Supreme Court Oct. 11, 1965.

Mann, Walter, Powell, Burkart & Weathers, Robert W. Schroff, Springfield, for plaintiff-appellant.

Meredith B. Turner, Stewart, Reid & Turner, Springfield, for defendant-respondent, Forest Oakley Chumbley.

Allen, Woolsey & Fisher, Stephen L. Hill, Springfield, for defendant-respondent, Elizabeth L. Losinsky.

STONE, Judge.

In this action to recover on a subrogation claim for $500, plaintiff, The Travelers Indemnity Company (hereinafter sometimes referred to as Travelers), appeals from the order of the circuit court sustaining the separate motions of defendants, Forest Oakley Chumbley and Elizabeth L. Losinsky, to dismiss plaintiff's first amended petition for "failure to state a claim upon which relief can be granted." Rule 55.33; Sec. 509.300.[1] Since the order did not specify otherwise, the dismissal was with prejudice and operated as an adjudication upon the merits. Rule 67.03; Sec. 510.150; Clark v. City of Humansville, Mo. App., 348 S.W.2d 369, 370(1). Of course, the motions to dismiss admitted, for the purposes of the motions, the truth of all facts well pleaded therein and any inferences fairly deducible therefrom; and, on this appeal, we broadly construe the petition most favorably to plaintiff, giving it the benefit of every reasonable and fair intendment in view of the facts alleged.[2]

From plaintiff's first amended petition and the exhibits attached thereto, which are a part thereof for all purposes,[3] the material facts are substantially as hereinafter detailed. Plaintiff Travelers issued to defendant Chumbley of Springfield, Missouri, its policy of insurance No. AP9044307 (hereinafter referred to as the policy) providing, inter alia, coverage for "medical payments" within the stated limit of $500

1. Except as is otherwise specifically stated, all statutory references are to RSMo 1959, V.A.M.S., and all references to rules are to the Rules of Civil Procedure, V.A. M.R.

2. Hall v. Smith, Mo., 355 S.W.2d 52, 55 (1); Jacobs v. Jacobs, Mo., 272 S.W.2d 185, 188(2, 3).; Bedell v. Daugherty, 362 Mo. 598, 242 S.W.2d 572, 574(1, 2); Ladue Contracting Co. v. Land Development

Co., Mo.App., 337 S.W.2d 578, 582(2–4); Fish v. Fish, Mo.App., 307 S.W.2d 46, 49(1).

3. Rule 55.14; Sec. 509.130; Crouch v. Tourtelot, Mo. (banc), 350 S.W.2d 799, 801(1); M.F.A. Mutual Ins. Co. v. Hill, Mo., 320 S.W.2d 559, 562(2); Beets v. Tyler, 365 Mo. 895, 290 S.W.2d 76, 79(2); Moffett v. Commerce Trust Co., Mo., 283 S.W.2d 591, 595(1).

for each person, which said policy was in effect on August 20, 1960, when defendant Chumbley was struck and injured by a 1959 Pontiac automobile owned by defendant Losinsky. Left unattended at the curb on College Street, a heavily-traveled thoroughfare in Springfield, the Losinsky automobile was rolling into the pathway of oncoming traffic when Chumbley, while undertaking to stop the rolling automobile, was struck by it and thereby suffered a crushing blow to his right leg which resulted in amputation at the knee. In treatment of his injuries sustained in that accident, Chumbley incurred medical, surgical and hospital expenses in excess of $500; and, pursuant to his claim under the medical payments coverage afforded by the policy, Travelers paid $500 to him. Thereafter, by letter dated November 15, 1960, Travelers advised Losinsky that "we were called upon to pay under our medical payments coverage" and that "as we have the right of subrogation under our policy for all amounts which we were called upon to pay up to our policy limits, this letter is merely sent to notify you of that subrogation interest." Neither the policy limit for medical payments nor the amount paid under that coverage was stated in Travelers' letter. On December 2, 1960, Chumbley (as plaintiff) instituted a suit for damages in the Circuit Court of Greene County, Missouri, against Losinsky (as defendant), which said suit subsequently was removed to the United States District Court and, on a date not disclosed in the transcript, was dismissed with prejudice by Chumbley pursuant to stipulation.

Travelers averred in its first amended petition that defendants Chumbley and Losinsky "entered into a settlement agreement . . . to settle all claims" that Chumbley "has or may have" against Losinsky; that, in negotiating and consummating such settlement, the parties thereto did not notify Travelers but "ignored the [subrogation] rights of plaintiff [Travelers] which rights plaintiff held as the assignee of Forest Oakley Chumbley" and of which "rights" both Chumbley and Losinsky had prior knowl-

edge; and that such "subrogation right was given to plaintiff by Forest Oakley Chumbley" by virtue of paragraph 15 of the policy "conditions" appearing on page 18 of the 20-page policy and reading as follows:

"15. Subrogation. In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

The Travelers asserted that it was entitled to recover $500 from defendants Chumbley and Losinsky, "individually *or* jointly" (in paragragh 12 of the petition) or "individually *and* jointly" (in the prayer). (All emphasis herein is ours.)

The sole point in *plaintiff's* brief is that its first amended petition did state a claim for relief upon which it was entitled to recover, "in that medical expense is an item of special damage, is readily ascertainable as to nature, extent and amount, is recoverable separate and apart from a bodily claim, is recoverable even though bodily injury was not sustained, and is recoverable by one other than the person for whom medical treatment was provided." Obviously, the quoted point was framed to anticipate and deal with *defendant Losinsky's* contention (as stated in her answering brief) that the trial court did not err "because to allow plaintiff to maintain a cause of action against defendant Losinsky would allow the assignment of an unliquidated claim for personal injury, and would allow the plaintiff to split a cause of action in allowing a separate and distinct claim to be made for medical expenses, and would allow the splitting of the claim for medical expenses into two parts." *Defendant Chumbley's* position is that, regardless of all else, the first amended petition stated no cause of action against him because defendant Losinsky had knowledge of plaintiff's alleged "subroga-

tion right" prior to settlement of Chumbley's claim against Losinsky and, therefore, "whatever rights plaintiff had against defendant Losinsky prior to the settlement, plaintiff still has."

■ The appeal as to *defendant Chumbley* is "a short horse soon curried." Our Missouri courts have held,[4] in accordance with the overwhelming weight of authority in other jurisdictions,[5] that: ". . . if a third party tort-feasor, with knowledge of an insurer's right of action as subrogee, and without the consent of the insurer, settles with the insured, the insurer's right to proceed against such tort-feasor is not affected. In such case, the primary wrongdoer, and not the insured, should repay the insurer. Hamilton Fire Insurance Company v. Greger, 246 N.Y. 162, 158 N.E. 60 [62], 55 A.L.R. 921, 925." Farm Bureau Mutual Insurance Co. v. Anderson, Mo.App., 360 S.W.2d 314, 320(7). Paragraph 15 of the policy obligated Chumbley to "do nothing after loss to prejudice such [subrogation] rights" as Travelers had. We agree with Chumbley that he did not violate this obligation when, *after notice to tortfeasor Losinsky of Travelers' alleged right of subrogation,* Chumbley (in the language of plaintiff Travelers' first amended petition) "entered into a settlement agreement . . . to settle all claims" that he "has or may have" against Losinsky. In these circumstances, (as Chumbley's counsel put it) "whatever rights plaintiff had against defendant Losinsky prior to the settlement,

plaintiff still has." Plaintiff's first amended petition stated no cause of action as to defendant Chumbley and properly was dismissed as to him.

On the appeal as to *defendant Losinsky,* plaintiff Travelers argues that "medical expense is a special damage, is separate and apart from a bodily injury claim, and the right to recover such special damage is assignable and subject to the principles of subrogation." So, plaintiff says that "medical expense stands on the same footing as property damage" and that, on the authority of General Exchange Insurance Corp. v. Young, 357 Mo. 1099, 212 S.W.2d 396, recovery should be allowed on the subrogation claim under consideration.

■ It is true that medical and hospital expenses [Heibel v. Robison, Mo.App., 316 S.W.2d 238, 243(5)], as well as loss of earnings and diminished capacity to work [Fleddermann v. St. Louis Transit Co., 134 Mo. App. 199, 206, 113 S.W. 1143, 1145(6)], are regarded as special damages, i. e., damages which are the natural but not the necessary and inevitable result of the wrongful act and injury of which complaint is made [Devine v. Kroger Grocery & Baking Co., 349 Mo. 621, 635, 162 S.W.2d 813, 819; Weller v. Hayes Truck Lines, 355 Mo. 695, 705, 197 S.W.2d 657, 663(12); Boehm v. St. Louis Public Service Co., Mo., 368 S.W.2d 361, 368], as distinguished from general damages, which the law imputes as the natural, necessary and logical consequence of such wrongful act and injury. Johnson

---

4. Farm Bureau Mutual Ins. Co. of Missouri v. Anderson, Mo.App., 360 S.W.2d 314, 320(7); Hartford Fire Ins. Co. v. Wabash Ry. Co., 74 Mo.App. 106, 114. See General Exchange Ins. Corp. v. Young, Mo.App., 206 S.W.2d 683, 688–689, affirmed 357 Mo. 1099, 212 S.W.2d 396.

5. Nationwide Mutual Ins. Co. v. Spivey, 259 N.C. 732, 131 S.E.2d 338; Cleaveland v. Chesapeake & Potomac Tel. Co., 225 Md. 47, 169 A.2d 446, 448(1); Calvert Fire Ins. Co. v. James, 236 S.C. 431, 114 S.E.2d 832, 835–836, 92 A.L.R.2d 97; Dubose v. Lowe, Ohio Mun.Ct., 189 N.E.2d

923, 926(7); Hartford Fire Ins. Co. v. Continental Bus System, Inc., Tex.Civ. App., 274 S.W.2d 175(1); City of New York Ins. Co. v. Tice, 159 Kan. 176, 152 P.2d 836, 840(8), 157 A.L.R. 1233; Ocean Acc. & Guar. Corp. v. Hooker Electro-Chemical Co., 240 N.Y. 37, 147 N.E. 351, 354(8, 9); Bahn to use of Farm Bureau Mutual Automobile Ins. Co. v. Shalev, D. C.Mun.App., 125 A.2d 678, 679(1, 3); United Pacific Ins. Co. v. Schetky Equipment Co., 217 Or. 422, 342 P.2d 766, 770–771(4, 5); 29A Am.Jur., Insurance, § 1733, p. 810; 46 C.J.S. Insurance, § 1209, l.c. 155, 159; annotation 92 A.L.R.2d 102, 109, 124.

v. Flex-O-Lite Manufacturing Corp., Mo., 314 S.W.2d 75, 84(11); Hildreth v. Key, Mo.App., 341 S.W.2d 601, 614. However, as the cited cases demonstrate, this distinction between general and special damages usually is noted and becomes relevant in connection with the determination of issues as to what items of damage must be pleaded and as to what evidence concerning damages is admissible under the pleadings.[6] Damages, both general and special, constitute but a single element, albeit a necessary one, of a tort.[7] And torts are divided into two general classes, namely, *"property torts"* which involve injury or damage to property, whether realty or personalty, and *"personal torts"* which involve injuries to the person, whether to the body, reputation or feelings.[8]

The policy obligation imposed upon Travelers by "Coverage B—Medical Payments," which Travelers discharged by payment of $500 (the stated limit of liability) to Chumbley, was "to pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services . . . and necessary ambulance, hospital, professional nursing and funeral services . . . to or for the named insured and each relative *who sustains bodily injury, caused by accident,* while occupying or through being struck by an automobile

. . . ." In its first amended petition, Travelers averred "that as a direct and proximate result of the aforementioned negligence and carelessness of Elizabeth L. Losinsky *bodily injury was sustained by Forest Oakley Chumbley which injury required medical treatment* and that extensive medical treatment was rendered to Forest Oakley Chumbley who thereby incurred reasonable medical expense for care and treatment of said injury in a sum in excess of $500." Clearly, Chumbley's medical expenses were special damages which flowed from, and were an integral element of, a personal tort;[9] and his cause of action for personal injury embraced, and constituted the basis for, his recovery of such damages arising out of tortious injury to his body.[10]

Plaintiff Travelers relies upon conventional subrogation, i. e., upon subrogation by virtue of contract [Aetna Casualty & Surety Co. v. Lindell Trust Co., Mo.App., 348 S.W.2d 558, 571(15); 83 C.J.S. Subrogation § 4, p. 586], more specifically upon hereinbefore-quoted paragraph 15 of the policy "conditions." We observe in passing that the record suggests no demand upon or action by Chumbley, the insured, under that portion of paragraph 15 purporting to have obligated him to "execute and deliver instruments and papers and do whatever else is necessary to secure" plaintiff's alleged

6. "When items of special damage are claimed, they shall be specifically stated." Rule 55.21; Sec. 509.200.

7. 86 C.J.S. Torts § 21, p. 937; 52 Am. Jur., Torts, § 6, p. 366; 1 Am.Jur.2d, Actions, § 66, p. 596; Id., § 69, p. 597. "The fundamental legal concept of a tort is a wrong with resulting damage . . . ." Moeller v. Weston Trucking & Forwarding. Co., 136 N.J.L. 643, 57 A.2d 465, 466 (2). See Biscoe v. Kowalski, Mo., 290 S.W.2d 133, 138(5, 6).

8. Smith v. Smith, Mo.App., 300 S.W.2d 275, 280(8); Gray v. Blight, 10 Cir., 112 F.2d 696, 699; United States v. Rogers & Rogers, D.C.Minn., 36 F.Supp. 79, 80 (3); Hubbard v. Ruff, 97 Ga.App. 251, 103 S.E.2d 134, 136(3); Mumford v. Wright, 12 Colo.App. 214, 55 P. 744, 746.

9. This necessarily was true also in Wise v. Towse, Mo.App., 366 S.W.2d 506, 508 (cited by Travelers), where "plaintiffs sought medical diagnosis and treatment for injuries resulting from the accident" and the examining physician "[o]bviously . . . thought" that the X-rays under discussion were "necessary to his diagnosis and treatment" of such alleged bodily injuries.

10. Consult City of Richmond v. Hanes, 203 Va. 102, 122 S.E.2d 895, 898; Fifield Manor v. Finston, 54 Cal.2d 632, 7 Cal. Rptr. 377, 378, 381, 354 P.2d 1073, 1074, 1077, 78 A.L.R.2d 813, 816, 819; Peller v. Liberty Mutual Fire Ins. Co., 220 Cal. App.2d 610, 34 Cal.Rptr. 41.

subrogation right. Regardless of that, plaintiff's status here is, in legal effect, that of an assignee of a portion of Chumbley's cause of action for personal injury.[11] For that matter, plaintiff recognizes its status as being that of an assignee, complaining in its first amended petition that, in entering into a "settlement agreement," defendants Chumbley and Losinsky "ignored the rights of plaintiff *which rights plaintiff held as the assignee of Forest Oakley Chumbley* ◦ ◦ ◦ ."

 This brings us to the question as to whether Chumbley's right to recover against Losinsky for medical expenses, which was embraced in, and was a part of, Chumbley's cause of action for personal injury, was assignable. Although there is no specific admission by plaintiff Travelers that a cause of action for personal injury is not assignable in Missouri, there is no contention to the contrary by counsel, and their earnest effort to persuade us that a claim for medical expense "is separate and apart from a bodily injury claim" strongly suggests recognition of the nonassignability of a cause of action for personal injury. However, we hasten to add that we rest our conclusion to that effect (i. e., that a cause of action for personal injury is not assignable) upon the case law in Missouri [12] and not upon so frail a foundation as the implied concession of counsel. If (as we have determined) Chumbley's cause of action for personal injury, which embraced and included his right to recover his medical expenses, was not assignable, it necessarily follows that the purported assignment of such right of recovery by paragraph 15 of

the policy "conditions" was of no validity and effect. Peller v. Liberty Mutual Fire Ins. Co., 220 Cal.App.2d 610, 34 Cal.Rptr. 41. See Fifield Manor v. Finston, 54 Cal.2d 632, 7 Cal.Rptr. 377, 380–383, 354 P.2d 1073, 1076–1079, 78 A.L.R.2d 813, 818–821; City of Richmond v. Hanes, 203 Va. 102, 122 S.E.2d 895. Consult again the Missouri cases cited marginally in footnote 12.

From all of the foregoing, we think it obvious that medical expense does not stand "on the same footing as property damage" and that instant plaintiff's position is not supported by General Exchange Insurance Corp., supra, where the insured had assigned *"her entire claim for property damages"* [357 Mo. at 1106, 212 S.W.2d at 400] to her collision insurance carrier—"the fact which was considered decisive and the basis for both opinions (in the Supreme Court and in the St. Louis Court of Appeals)," so our brethren of the latter court thought in O'Hanlon Reports, Inc. v. Needles, Mo. App., 360 S.W.2d 382, 385. However that may be, since the nonassignability of defendant Chumbley's cause of action for *personal injury*, which embraced and included his right to recover his medical expenses, is dispositive of the appeal as to defendant Losinsky, we eschew an extensive excursion into the provocative and controversial field of splitting a cause of action, noting only in passing that the case at bar presents a novel and unique situation in which plaintiff not only would split the cause of action for personal injury by severing therefrom the claim for medical expenses but also would fragment that claim by dividing it between plaintiff and Chumb-

11. Fifield Manor, supra note 10, 7 Cal. Rptr. at 382, 354 P.2d at 1078, 78 A.L.R. 2d at 820; Peller, supra note 10, 34 Cal. Rptr. at 42; City of Richmond, supra note 10, 122 S.E.2d at 900. See McKenzie v. Missouri Stables, 225 Mo.App. 64, 75, 34 S.W.2d 136, 141(16); General Exchange Ins. Corp., supra note 4, 206 S.W. 2d at 689 (affirmed 357 Mo. 1099, 212 S.W.2d 396); Ocean Acc. & Guar. Corp., supra note 5, 147 N.E. at 353, 354; Royal

Indemnity Co. v. Security Truck Lines, 212 Cal.App.2d 61, 27 Cal.Rptr. 858, 860.

12. Kramer v. Laspe, Mo.App., 94 S.W.2d 1090, 1094(7); Beechwood v. Joplin-Pittsburg Ry. Co., 173 Mo.App. 371, 375–377, 158 S.W. 868, 869–870(2); McLeland v. St. Louis Transit Co., 105 Mo. App. 473, 478–479, 80 S.W. 30, 31(1); Schubert v. Herzberg, 65 Mo.App. 578, 584. See Freeman v. Berberich, 332 Mo. 831, 847, 60 S.W.2d 393, 401.

ley, $500 to the former and the remainder to the latter.[13]

This appears to be a case of first impression in Missouri. In fact, we find only two cases in other jurisdictions involving an insurer's alleged right to be subrogated, *as to medical payments coverage afforded by an automobile policy*, to the insured's right of recovery from a third-party tortfeasor. In one of those cases [Smith v. Motor Club of America Ins. Co., 54 N.J. Super. 37, 148 A.2d 37], brought to our attention in plaintiff's brief, it was held that, since the Legislature had vested the Commissioner of Banking and Insurance with authority to strike from insurance policies any clauses deemed by him to be unfair or inequitable and since he had taken no such action with respect to the subrogation clause under consideration, the courts should not find such clause to be against public policy and should not eliminate the clause by reformation of the policy in suit. No question involving the assignability of a cause of action for personal injury (or of a part thereof) or involving the splitting of a cause of action (or, as here, a split within a split) was raised, discussed or ruled. In the other of the two cases [Peller v. Liberty Mutual Fire Ins. Co., 220 Cal.App.2d 610, 34 Cal.Rptr. 41], discovered in our independent research, a subrogation clause substantially the same as that in the case at bar was held invalid as a prohibited assignment of a cause of action arising out of personal injury. Since our Missouri courts consistently have followed the common law rule prohibiting the assignment of a cause of action for personal injury (see cases cited marginally in note 12), we come to the same conclusion as that reached in Peller, supra.

This appeal having been decided, additional comments are motivated and may be justified only by the fact that both plaintiff Travelers and defendant Losinsky have urged upon us considerations of "public policy." We heartily agree with plaintiff's counsel that "the business of insuring against anticipated medical expense is legitimate, useful and widespread," but we part company with them at that point. Indeed, insuring against expenses payable under automobile "medical payments" coverage (i. e., against expenses arising out of "bodily injury, caused by accident, while occupying or through being struck by an automobile"), has become so "useful and widespread" that many, if not most, of those who carry automobile medical payments coverage also have other coverage of some character (e. g., coverage under hospital and medical service plans such as Blue Cross and Blue Shield, accident or hospitalization insurance, burial policies, or double indemnity benefits under life insurance policies) designed to pay, or to provide funds for payment of, all or some of the expenses payable under automobile medical payments coverage.

If *some* automobile insurers making the subrogation "condition" in their policies applicable to medical payments coverage were to obtain judicial approval thereof, no doubt *all* such insurers would, in due course, similarly condition their policies. And, if *automobile insurers* were to insist upon subrogation as to medical payments coverage, *others* affording coverage against all or some of the same expenses logically would be justified in insisting upon subrogation and reasonably might be expected so to "condition" their coverages. That this is not improbable is demonstrated by one of the cases here cited by plaintiff Travelers

13. Paragraph 15 of the policy "conditions" ["In the event of *any payment* under this policy, the company shall be subrogated to all the insured's rights of recovery *therefor* . . . ."] purported to subrogate plaintiff to Chumbley's right to recover $500, the amount of plaintiff's payment, whereas Chumbley's medical ex- penses for bodily injuries sustained in the accident of August 20, 1960, admittedly were "in excess of $500" (as was stated in plaintiff's first amended petition) and apparently approximated $1,200 (as was alleged in Chumbley's petition in his damage suit against Losinsky).

[Michigan Medical Service v. Sharpe, 339 Mich. 574, 64 N.W.2d 713], in which the court held that a hospital service organization (of the same character as Blue Cross) was entitled to maintain a suit against a subscriber-member who held "a hospital care certificate" containing a subrogation clause. Thus, the nurturing of subrogation as to medical payments would give substance to the unwelcome specter of *multiple* subrogation claims by an automobile insurer and others making payments to the same individual on account of bodily injuries sustained in the same accident. And, so it seems to us, *multiple* subrogation claims inevitably would lead to conflicts and disputes between subrogation claimants, would complicate and make more difficult the negotiation of voluntary settlements with third-party tortfeasors, and would encourage and promote suits and interpleaders, all running counter to the policy of the law.

Automobile medical payments coverage is of comparatively recent origin. It was conceived and reared without benefit of subrogation, and only during the past few years have *some* automobile insurers undertaken to wrap it in a mantle of subrogation. It verges on being a matter of common knowledge of which we might (although we need not) take judicial notice that *many* prominent automobile insurers *do not now* undertake to make the subrogation "condition" in their policies applicable to medical payments coverage, and that (contrary to the undocumented assertion of instant plaintiff's counsel) so "conditioning" medical payments coverage does *not*, *in fact*, work a perceptible reduction in the premium charged for such coverage.

Our determination of this appeal as to defendant Losinsky rests solidly upon the long-recognized and well-established legal principle prohibiting assignment of a cause of action for personal injury; and we find no consideration of "public policy" which would justify us in ignoring, hewing through, or carving an exception in, that legal principle for the purpose of enabling instant plaintiff (and those of like inclination) to become subrogated as to medical payments coverage and thereby, so we think, lifting the lid on a Pandora's box crammed with both practical and legal problems.

The dismissal of plaintiff's first amended petition as to both defendants is affirmed.

RUARK, P. J., and HOGAN, J., concur.